

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

January 3, 2019

**VIA ECF**

Honorable Margo K. Brodie
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Magistrate Judge Steven M. Gold
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Luisa Calixto v. Balsamo & Rosenblatt, P.C., et. al.*
      Index No.: 18-cv-4675 (MKB)

Your Honor:

  The law firm of Rivkin Radler, LLP represents Balsamo & Rosenblatt, P.C., Robert Ronsenblatt, Edward Hall and Serenay Taysin, ("Defendants"), in the above action. In the litigation entitled *266 Realty NY LLC v. Luisa Calixto*, Index No. 84971/17, which was venued in Civil Court, County of Kings, Defendants were litigation counsel for Plaintiff 266 Realty NY LLC, which is also a Defendant in this Federal court action (but not represented by Rivkin, Radler). In the State court action, the Defendant Balsamo law firm filed pleadings, on behalf of its client, which Plaintiff in this Federal Court action alleges incorrectly represented the amount of "debt" owed by Ms. Calixto to 266 Realty.

  While Defendants believe that they would respectively have viable defenses to Ms. Calixto's Fair Debt Collection Practices Act claim, ("First Claim For Relief"), and deny any intent to violate the FDCPA and/or engage in fraudulent or deceptive practices during the course of its representation of its client in the above referenced State court litigation, Defendants acknowledge and understand that FDCPA §1692e does not require a finding of "intent" in order for there to be a violation. *See, e.g., Vangorden v. Second Round, L.P.,* 897 F.3d 433, 437 (2d Cir., 2018) ("[t]he FDCPA is 'a strict liability statute" and, thus, there is no

9 Thurlow Terrace  21 Main Street, Court Plaza South  477 Madison Avenue  2649 South Road
Albany, NY 12203-1005 West Wing, Suite 158     New York, NY 10022-5843 Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199 Hackensack, NJ 07601-7021  T 212.455.9555 F 212.687.9044 T 845.473.8100 F 845.473.8777
         T 201.287.2460 F 201.489.0495

RIVKIN RADLER LLP

January 3, 2019
Page 2

need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional") (citation omitted); *Campbell v. MBI Associates, Inc.*, 98 F. Supp. 3d 568, 578 (E.D.N.Y. 2015) ("[a] consumer does not need to show intentional conduct on the part of the debt collector in order to recover under the FDCPA").

Accordingly, in order to avoid costly and time consuming litigation over Plaintiff's FDCPA claim for relief, which is the only claim that provides the District Court with original subject matter jurisdiction against Defendants, Defendants will stipulate to a violation of FDCPA §1692e.

Defendants are also aware that the maximum amount of statutory damages recoverable by a Plaintiff under the FDCPA is $1,000. *See,* §1692k(a)(2)(A). Similarly, rather than engage in costly and time-consuming discovery, (and consequent motion practice and trial), on whether something less than the $1,000.00 maximum amount of statutory damages should be awarded, the costs of which would swamp the maximum amount recoverable, Defendants stipulate to the recovery by Plaintiff of the statutory maximum damage award in the amount of $1,000.00.

To the extent this letter does not suffice, Defendants are prepared to enter into an appropriate "stipulation" reflecting the above. Additionally, pursuant to and in accordance with Magistrate Judge Gold's Order dated December 17, 2018, *see, Doc. # 36*, Defendants are prepared to proceed with the expedited discovery on Plaintiff's alleged "actual damages" resulting from the §1692e violation.

Respectfully submitted,

RIVKIN RADLER LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff (KAN-0350)

KAN/sme/jav

4226880 v1