# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7900

February 7, 2019

Judge Margo K. Brodie  
United States District Court - Eastern District of New York  
Brooklyn, New York 11201

> Re: Plaintiff's opposition to [DE 30] letter for pre-motion conference to file motion to dismiss by Landlord Defendants.
>
> *Luisa Calixto v. Balsamo & Rosenblatt, P.C. et al, 1:18-cv-4675-MKB*

Dear Judge Brodie:

The undersigned, along with CAMBA Legal Services, a non-profit legal services provider, represents Plaintiff Luisa Calixto against a debt collection law firm, Balsamo & Rosenblatt, P.C., and three attorneys at the firm, Robert Rosenblatt, Edward Hall, and Serenay Taysin (collectively the "Attorney Defendants") and against the against her putative landlords, 266 Realty NY LLC and Heung Sang Tam, and the managing agent Justice McAllister, (collectively, the "Landlord Defendants")

Ms. Calixto is a low income rent stabilized tenant who withheld about $7,500 in rent from her landlord in an attempt to get long-needed repairs done to her dilapidated apartment. In response, the Landlord Defendants, through the Collection Attorneys, falsely claimed Ms. Calixto owed more than $30,000 and sued on that amount, seeking eviction and a money judgment. Promptly after receiving notice of the lawsuit, Ms. Calixto paid the money she was withholding and the landlord gave her receipts showing she was up to date. In spite of this, the Attorney Defendants, at the express direction of the Landlord Defendants, continued to vigorously litigate the lawsuit when they knew that Ms. Calixto owed them nothing. Further, the Landlord Defendants, through the Attorney Defendants, regularly sue low income tenants such as Ms. Calixto for amounts they do not owe in an effort to force them out of their rent stabilized apartments. The Landlord Defendants, through the Attorney Defendants, also sued for rent they had no right to due to their failure to register the building pursuant to NY Rent Stabilization Law.

Based on this misconduct, Ms. Calixto brings suit against the Attorney Defendants for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (the FDCPA), N.Y. Gen. Bus. Law § 349, (GBL 349), N.Y. Jud. § 487, and for committing negligence *per se* and gross negligence. Ms. Calixto also brings suit against the Landlord Defendants for violating GBL 349, for negligence *per se* and gross negligence, and for rent overcharge. The FDCPA claims against the Attorney Defendants are the basis for federal jurisdiction over the supplemental state law claims against the Attorney Defendants and the Landlord Defendants. On January 30, 2019, the Landlord Defendants filed a letter [DE 45] requesting a pre-motion conference to file a motion to dismiss. Ms. Calixto files this letter in opposition to the Landlord Defendants' application. The Attorney Defendants make no such application. Therefore, Ms. Calixto's state law claims against the Attorney Defendants would presumably continue regardless of the ruling on this application.

1. <u>Supplemental Jurisdiction.</u>

Notably, the Landlord Defendants do not dispute that Ms. Calixto's state law claims against them are "so related" to the FDCPA claims against the Attorney Defendants that they form "part of the same case or controversy" as the FDCPA claims pursuant to 28 U.S.C. §

1367(a). The Landlord Defendants argue only that Ms. Calixto's state law claims against them "substantially predominate" over her FDCPA claims over the Attorney Defendants and therefore the Court, pursuant to 28 U.S.C. § 1367(c)(2), should decline to exercise supplemental jurisdiction over them.

The Landlord Defendants however do not make any argument as to why the state law claims *substantially* predominate the federal claim, despite the Second Circuit recognizing that as crucial to the analysis. *See e.g. Itar-Tass Russian News Agency v. Russian Kurier Inc.,* 140 F.3d 442, 448 (2d Cir. 1998) (reviewing legislative history of 1367(c)). Landlord Defendants only argue that the claims require "significantly more elements," which is not sufficient to show substantial predominance. *See e.g. In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 613 F. Supp. 2d 437, 443 (S.D.N.Y. 2009) *quoting Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) ("The 'substantially predominate' standard, however, is not satisfied simply by a numerical count of the state and federal claims...").

The unpublished *Dzganiya* decision that the Landlord Defendants rely upon appears to be the only FDCPA case where supplemental jurisdiction was not exercised over claims based on the same nucleus of operative facts as the FDCPA claim. *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, 2018 WL 2247206 (S.D.N.Y. May 16, 2018). Indeed, it is common for FDCPA suits to include supplemental state law claims that arise from the same misconduct that forms the basis of the FDCPA claim. *See, e.g. Diaz v. Portfolio Recovery Assocs., LLC*, No. 10 CV 3920 MKB CLP, 2012 WL 1882976, at *5 (E.D.N.Y. May 24, 2012) (J. Brodie) (allegation debt collector regularly filed time barred debt collection lawsuits states a claim for violations of the FDCPA, GBL 349, and Judiciary Law 487). And when courts in the Second Circuit have reviewed the standard in the typical FDCPA context, they have rejected that the state law claims "substantially predominate." *Cannon v. Kelly*, No. 08-CV-6297T, 2009 WL 1158695, at *2 (W.D.N.Y. Apr. 28, 2009) (finding that GBL 349 claim against creditor not liable under the FDCPA did not "dominate over the claims made against" the debt collector and thus "there is no reason to decline supplemental jurisdiction"); *see also Montoya v. Spinella & Assoc.*, 2013 WL 5203780 (D. Conn. Sept. 13, 2013) (applying *Itar-Tass* standard, rejects state law claims "substantially predominate" over FDCPA claim). As applied specifically to FDCPA claims, a narrow application of supplemental jurisdiction would run contrary to Congress' intent that the FDCPA should be interpreted in harmony with state laws that provide "greater [ ] protection". 15 U.S.C. § 1692n. Here, GBL 349 affords the possibility of injunctive relief and perhaps punitive damages. *Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16 (E.D.N.Y. 2017) (allowing GBL 349 punitive damages, but noting split of authority)

Lastly, the Landlord Defendants argue that Magistrate Gold's current limitation on discovery to Plaintiff's own FDCPA actual damages, along with the Attorney Defendants' non-admission "stipulation," strengthens their supplemental jurisdiction argument. However, this is a circular argument. Magistrate Gold issued the discovery limitation based, *inter alia*, on the assumption that Your Honor would be forced to dismiss the supplemental claims against the Landlord Defendants, who had defaulted at that time. *See* DE 44, Plaintiff's Letter for Reconsideration of Initial Conference Discovery Orders ("Reconsideration"), p. 8 fn. 5. Moreover, the discovery limitation may be lifted either because of the pending Reconsideration, or a Fed.R.Civ.P. 72(a) Objection to Your Honor on the underlying initial conference order.

2. <u>GBL 349: consumer oriented and objective standard.</u>

The Landlord Defendants argue the GBL 349 claim should be dismissed as a matter of

law because landlord-tenant disputes are not consumer oriented conduct. However, even *Dzganiya* recognized the "more recent cases that have found a GBL claim stated in the context of a landlord-tenant dispute." *Dzganiya* at fn. 4 (collecting cases). *See, e.g. Sanchez v. Ehrlich*, No. 16-cv-8677 (LAP), 2018 WL 2084147, at *11 (S.D.N.Y. Mar. 29, 2018) (GBL 349 claim stated for alleging facts almost identical to this case.) The Landlord Defendants also assert Ms. Calixto's GBL 349 claim should be dismissed because, they allege, she was not "actually deceived." However, deception is judged objectively, from the vantage point of a "reasonable consumer." *Spagnola v. Chubb Corp*., 574 F.3d 64, 74 (2d Cir. 2009). A demand for money the consumer may know is not owed is still deceptive as a matter of law. *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 CIV. 8779 (ER), 2017 WL 5513636, at *8 (S.D.N.Y. Nov. 16, 2017) (regardless if consumer knew a judgment was vacated, a letter claiming there was a valid judgment would deceive a reasonable consumer).

3. <u>Negligence: the Landlord Defendants owe a duty to Ms. Calixto.</u>

The Landlord Defendants contend Ms. Calixto's negligence claim fails because they owe her no duty. However, GBL 349 creates a duty not to engage in deceptive practices in the operation of its business, and thus a negligence claim may lie. *Sanchez, supra,* at *7.

4. <u>The rent overcharge claim should be heard by this Court.</u>

The Landlord Defendants challenge Ms. Calixto's rent overcharge claim, arguing the Court should not decide it on primary jurisdiction grounds. The Landlord Defendants acknowledge Ms. Calixto lives in a rent stabilized building. In spite of this, the landlord has never registered the apartment or given a rent stabilized lease, deciding, instead, to avoid regulatory oversight for the last 35 years. Even after the court dismissed Ms. Calixto's Housing Court action for failure to register, the Landlord Defendants have only now decided to register the apartment. *Collazo*, the case cited by the Landlord Defendants, is currently on appeal at the New York Court of Appeals, but concerned the complaints of multiple residents of a building whose landlord deregulated the units after receiving J-51 tax benefits. *Collazo v Netherland Prop. Assets LLC*, 155 AD3d 538 [1st Dept 2017], *lv to appeal granted*, 31 NY3d 910 [2018]. *Collazo* regards the establishment of rent for multiple units of large buildings each with highly specific fact patterns and intricate rent calculations. Ms. Calixto's claim does not involve these complex issues, only a calculation with seemingly little in dispute. *See People v Port Distrib. Corp.*, 114 AD2d 259 [1st Dept 1986] (in determining whether to apply the doctrine of primary jurisdiction the court must consider need for agency expertise).

The Landlord Defendants also raise *Burford* abstention. *Burford* abstention is evaluated under three factors: "the degree of specificity of the state regulatory scheme, the necessity of discretionary interpretation of state statutes, and whether subject matter of the litigation is traditionally one of state concern." *Bethphage Luthern Service, Inc. v. Weicker*, 965 F.2d 1239 (2d Cir. 1992). The Landlord Defendants' recent submission of an initial apartment registration to DHCR does not create a pending administrative proceeding; it is a ministerial act not an adjudication. The Landlord Defendants' citations to *Simon* and *Jaffe* do not establish that this Court must abstain from hearing rent overcharge claims. The court in *Simon* declined to hear the rent overcharge claim expressly because "the Court has dismissed all of Simon's federal claims." *Simon v. City of New York*, No. 12-CV-1596 CBA, 2012 WL 4863368, at *1 (E.D.N.Y. Oct. 11, 2012). And the court in *Jaffe* found abstention warranted because of very specific complexities in New York law. *Jaffe v. Clarke*, 566 F. Supp. 1500, 1501, 1502 (S.D.N.Y. 1983), *aff'd*, 742 F.2d 1436 (2d Cir. 1984). None of those complexities exist here.

Respectfully,
/s/
Ahmad Keshavarz
One of Plaintiff's Attorneys

Enclosure: DE 44, Plaintiff's Letter for Reconsideration of Initial Conference Discovery Orders
cc: All attorneys of record via ECF