

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

February 14, 2018

**VIA ECF**
Honorable Judge Steven M. Gold
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Luisa Calixto v. Balsamo & Rosenblatt, P.C., et. al.*
            Index No.: 18-cv-4675 (MKB)

Your Honor:

    The law firm of Rivkin Radler, LLP represents Balsamo & Rosenblatt, P.C., Robert Ronsenblatt, Edward Hall and Serenay Taysin, ("Defendants") in the above action. Defendants respectfully submit this letter in opposition to Plaintiff's application for reconsideration of Your Honor's Initial Conference Order. *See, Doc. #36.* For the reasons set forth below, Your Honor did not commit a manifest error of law (or fact). To the contrary, Your Honor's December 17, 2018 Order staying discovery on Plaintiff's State Law claims and limiting discovery on Plaintiff's FDCPA claim to the issue or Plaintiff's "actual damages" from Defendants' conceded FDCPA violation, *see, Doc. #40*, was a provident and entirely reasonable exercise of the Court's broad discretion to control how discovery proceeds in this action and on the <u>only</u> claim that the District Court has original jurisdiction over.

    In this action,[1] Plaintiff alleges five causes of action against Defendants, *see, Complaint* [Doc. # 1]; all but one arise under New York State common or statutory law.[2] The only claim for relief asserted under Federal Law is Plaintiff's Fair Debt Collection Practices Act claim. *Id., at ¶¶ 88-92*. Plaintiff alleges violations of both §1692e and §1692f.[3]

---

[1] Defendants assume this Court's familiarity with the allegations set forth in the Complaint and the procedural history leading up to this filing and, therefore, will not burden Your Honor with either a lengthy recitation of same, a "spin" of the facts or other miscellaneous and extraneous comments like those which littered Plaintiff's counsel's January 28, 2109 letter motion.
[2] <u>None</u> of the causes of action against the other Defendants arise under Federal Law.
[3] Plaintiff did not explicitly identify which specific subsections of these two respective FDCPA sections have been violated. *See, Comp., at ¶93*.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



February 14, 2019
Page 2

In the past few years, there has been a substantial increase in the number of FDCPA claims filed in Federal Court against law firms for actions undertaken in their representative capacity during the course of State-court litigation.[4] Given that the FDCPA in general, and §1692e in particular, is a strict liability statute, *see, e.g., Vangorden v. Second Round, L.P.*, 897 F.3d 433, 437 (2d Cir., 2018) ("[t]he FDCPA is 'a strict liability statute" and, thus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional") (citation omitted); *Campbell v. MBI Associates, Inc.*, 98 F. Supp. 3d 568, 578 (E.D.N.Y. 2015) ("[a] consumer does not need to show intentional conduct on the part of the debt collector in order to recover under the FDCPA"), Defendant law firms can be found liable for minor and unintentional errors made in pleadings and/or communications that are statutorily required under New York State law as a pre-condition to their client's commencement of a legal proceeding.

Moreover, with statutory damages capped at $1,000, and "actual damages" often being relatively small, it is apparent that the biggest monetary "winner" in FDCPA suits against law-firms based upon conduct engaged in during the course of State-court litigation is the plaintiff's counsel, who will be entitled to be paid its fees. Accordingly, many law-firm Defendants, most of whom, like Defendant are small, are left with a Hobson's-like choice: (1) spend tens of thousands, (and sometimes hundreds of thousands) of dollars litigating either the merits of the claims and/or the bona fide defense provided under §1692k(c), all the while knowing that any technical violation will result in the payment to plaintiff of substantial attorneys' fees (in addition to defense costs), **or; (2)** settle, but usually on an amount much more than what the combined damage award would be at the time of settlement.

Here, Defendants came to the conclusion before the Initial Conference that settlement with Plaintiff would not be possible.[5] Accordingly, after reviewing the allegations concerning what the possible scope of the "actual damages" could be with regard to Plaintiff's FDCPA claim, as well as Plaintiff's Rule 26 Statement, Defendants, <u>three of whom are individuals</u>, decided that the only economically feasible approach for them to take with regard to the FDCPA claim would be to concede to a FDCPA violation under §1692e, agree to the imposition of the maximum statutory penalty of $1,000 and litigate the very narrow issue of what Plaintiff's actual damages were, if any, as a result of Defendants' "conceded" violation of FDCPA §1692e.[6]

---

[4] Indeed, in response to this, the ABA has very recently expressed its strong support for the "Practice of Law Technical Clarification of 2017," [H.R 1849], which would clarify that the FDCPA does not apply to creditor lawyers engaged in litigation activity. *See,* Ex. "A."

[5] Because settlement discussions are supposed to be confidential, I am not a liberty to discuss what Plaintiff's counsel and my client discussed before my Firm's retention, or my discussions with Plaintiff's counsel. In this regard, it would appear that Plaintiff's counsel did not feel similarly inhibited with regard to an unrelated action in which I was counsel.

[6] Plaintiff, of course, would be entitled to an award by the Court of her reasonable attorneys' fees as the prevailing party.



February 14, 2019
Page 3

At the Initial Conference, Defendants advised the Court that it would both likely concede liability under the FDCPA and agree to the imposition of the statutory penalty of $1,000. By so doing, the only issue remaining to be litigated under the FDCPA was Plaintiff's "actual damages."

Accordingly, Defendants requested that Your Honor stay discovery on Plaintiff's State Law claims, (which Defendants would, if the Court did not *sua sponte*[7] dismiss the State Law claims for lack of supplemental jurisdiction, move to dismiss for lack of supplemental jurisdiction after the trial on actual damages and the Judgment entered against Defendants). Your Honor agreed, and ordered expedited discovery on the "actual damages" issue if Defendants in fact stipulated to a concession of liability. *See, Doc, # 36*. Defendants did stipulate to a violation of §1692e. *See, Doc. # 40*.

"The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 256 (2d Cir. 1995). Generally, "manifest error" on the part of the Court is required to be demonstrated for reconsideration and reversal to be warranted. *See, e.g., Cole v. United States*, 2005 U.S. Dist. LEXIS 36670 (E.D.N.Y. Dec. 14, 2005); *Sulton v. Lahood*, 2010 U.S. Dist. LEXIS 33947, *6 (S.D.N.Y. Mar. 31, 2010) (reconsideration denied where "Plaintiff has only shown that he disagrees with Judge Castel's Order, not that it was the product of manifest error"). Obviously, given this high burden, "[m]ere disagreement with [the Court's] opinion . . . is not a basis for reconsideration." *Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 171 n.16 (S.D.N.Y. 2011).

District Courts "exercise broad discretion over the conduct of discovery." *Andrick v. Saint-Gobain Performance Plastics Corp.*, 2018 U.S. Dist. LEXIS 195681, *2 (N.D.N.Y. Nov. 16, 2018). It is beyond debate that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah* (In re DG Acquisition Corp.), 151 F.3d 75, 79 (2d Cir. 1998). A District Court is considered to have abused its discretion only "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). No such abuse of discretion has been engaged in by this Court.

Here, Your Honor has appropriately stayed discovery on Plaintiff's State Law claims. Expedited discovery will be completed by April 1, 2019 and the trial, which should be no more than one day (at most!), will likely be held shortly thereafter (the pre-trial conference is scheduled for

---

[7] A case should be dismissed *sua sponte* "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. Proc. 12(h)(3).



February 14, 2019
Page 4

April 11, 2019). Indeed, Defendants do not object to trying the case before Your Honor if that would expedite the trial.

Plaintiff's objections, which are primarily based on the assumption that the State Law claims will ultimately be dismissed for want of subject matter jurisdiction,[8] (which is anticipated by Defendants), and will ultimately be litigated in State Court, are of no merit. First, no duplicative litigation results from Your Honor's Discovery Order. The only issue presently being litigated is Plaintiff's "actual damages," if any, suffered, as a result of Defendants' litigation related activity, which would be any emotional pain and suffering, any physical injury, (which Plaintiff has not pled), as well as any out-of-pocket damages.[9] The merits of Plaintiff's State Law claims will not be litigated. Moreover, any "actual damages" proven, (or not proven), by Plaintiff at trial would presumably be binding on Defendants under the doctrines of res judicata and/or collateral estoppel in any action filed by Plaintiff in State Court.

Second, Plaintiff also posits, without any cogent explanation or supporting legal authority, that the actual damages that Plaintiff could recover would be different under a §1692e violation or a §1692f violation, thus merit discovery should proceed. This is nonsensical. The <u>actual damage</u> suffered by Plaintiff is the <u>actual damage</u> suffered by Plaintiff, regardless of what FDCPA section or subsection is implicated. *See, e.g., Bodur v. Palisades Collection, LLC*, 826 F. Supp.2d 246, 259 n.25 (S.D.N.Y. 2011). ("[t]his Court need not address Bodur's other FDCPA claims because his damages are the same regardless of whether Defendants committed one or more FDCPA violations through the same conduct"). The particular §1692 violation, or whether or not the Defendants' conduct complained of was done unintentionally, intentionally, negligently or with a willful disregard, has absolutely no bearing on any "actual injury" suffered by Plaintiff.

Third, Plaintiff's counsel seems to believe that Your Honor stayed discovery of Plaintiff's State law claims based upon an opinion on my clients' part that her garden variety distress claim has

---

[8] Supplemental jurisdiction is a species of "subject-matter jurisdiction over specified state-law claims, which [a federal court] may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862 (2009). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988); *accord* Valencia ex rel. *Franco v. Lee*, 316 F.3d 299, 306-07 (2d Cir. 2003) (noting that because of the "relatively early stage of the case," there were "judicial economies to be achieved by declining to exercise supplemental jurisdiction" over state law claims that remained after the dismissal of all federal law claims).

[9] Indeed, as confirmed during the February 1, 2109 Court conference, Defendants' stipulation to a §1692e violation does not limit Plaintiff from the recovery of any "actual damages" or statutory damages under the FDCPA. *See, Doc. # 47*. In fact, Defendants have already stipulated to the recovery by Plaintiff of the maximum $1,000 statutory award.



February 14, 2019
Page 5

little to no value. Defendants see no reasonable basis for Plaintiff's counsel's belief. The value to be given by a Jury, (or by the Court), to her alleged garden variety distress claim had, in Defendants opinion, no bearing on Your Honor's Order staying discovery on the merits of the State law claims. While Defendants believe that Plaintiff's claims will be shown to have little to no value, Plaintiff will nevertheless not be limited in any degree to present this particular damage claim and recover the full value of her claimed emotional injury, if proven.

Last, Plaintiff's counsel objects on the basis that Defendants may testify at trial as to Plaintiff's actual damages, without him being able to depose (and or seek other discovery) from Defendants.[10] While I cannot envision what the respective Defendants could possibly testify to as to the actual damages suffered by Plaintiff, (especially on the issue of emotional distress), as that information is singularly in the possession of Plaintiff, and have no present intention of calling any of the Defendants at trial, I would not have, (and could not have), any objection to a Preclusion Order being entered against Defendants if I tried to do so without having allowed Plaintiff the opportunity to depose them. Thus, I do not see the validity of Plaintiff's counsel's objection on this ground.

Plaintiff has prevailed on her FDCPA claim but that is apparently not good enough for Plaintiff's counsel. The reason is obvious. Plaintiff's counsel wants to use the District Court to engage in full-blown discovery and litigation on issues best left to be litigated in the State court, all for the purpose of running up the legal fees that would be awarded under the FDCPA. Your Honor's inclination concerning what should properly be litigated in the District Court was correct and Your Honor's Order was, and remains, reasonable and appropriate. Discovery on Plaintiff's FDCPA should be limited to the only relevant issue left – Plaintiff's actual damages. If Plaintiff wants to proceed on her State law claims, either now or after the trial on the FDCPA claim which would address only "actual damages," she can re-file in State court where they belong.

Respectfully submitted,

RIVKIN RADLER LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff (KAN-0350)

KAN/sme

4265896 v1

---

[10] Plaintiff has sought such discovery. *See, Ex. "B."* Defendants have responded. *See, Ex. "C."*