UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LUISA CALIXTO,

              Plaintiff,

   -against-

                                           ORDER
BALSAMO & ROSENBLATT, P.C., ROBERT       18-CV-4675 (MKB)
ROSENBLATT, EDWARD HALL, SERENAY
TAYSIN, 266 REALTY NY LLC, HEUNG SANG
TAM and JUSTICE McALLISTER,

              Defendants.
-------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

      This case arises out of a landlord-tenant dispute that eventually led to a nonpayment proceeding brought against plaintiff in Kings County Housing Court. Compl. ¶ 30, Dkt. 1. In this action, plaintiff sues the law firm that commenced and litigated the action against her in Housing Court and two of its attorneys (the "attorney defendants"), as well as her landlord and managing agent (the "landlord defendants"). Compl. ¶¶ 4–17. Plaintiff asserts a single cause of action under the Fair Debt Collection Practices Act ("FDCPA") against the attorney defendants. *Id.* ¶¶ 87–92. Plaintiff asserts five additional causes of action under state statutory and common law; three are asserted against all defendants, one is asserted against only the attorney defendants, and one is asserted only against the landlord defendants. *Id.* ¶¶ 93–120.

      Plaintiff invokes the Court's federal question jurisdiction based upon her FDCPA claim against the attorney defendants. 28 U.S.C. § 1331. Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remainder of her claims, which include each of the claims asserted against the landlord defendants.

An initial conference was held in this action on December 17, 2018. Dkt. 36. At that time, the attorney defendants indicated that they would likely stipulate to FDCPA liability and plaintiff's right to recover statutory damages. Counsel for the attorney defendants further suggested that discovery proceed solely with respect to plaintiff's claim for actual damages under the FDCPA, and that the Court then consider whether to exercise supplemental jurisdiction over plaintiff's state law claims or, in the alternative, adjudicate her FDCPA claims and dismiss the remaining state law claims without prejudice to plaintiff's right to pursue them in state court.

The attorney defendants subsequently confirmed that they would in fact concede liability under the FDCPA for purposes of this litigation. During a conference held on February 1, 2019, the attorney defendants clarified the scope of their concession, agreeing with the Court that "to the extent that there are any facts alleged in the complaint that describe any activities of the [attorney] defendants, [the attorney defendants] are prepared to stipulate that [they] may be held accountable for any actual damages or statutory damages recoverable as a result of those actions." Tr. of Feb. 1, 2019 Tel. Conf., at 5:23–6:2, Dkt. 50. Based upon that representation, this Court entered a minute entry stating the attorney defendants have confirmed that "the intention of their concession of FDCPA liability is to stipulate that plaintiff may recover all actual and statutory damages available under the Fair Debt Collection Practices Act as a result of the actions attributed to [them] in plaintiff's complaint." Dkt. 47. The attorney defendants have not sought any modification or amendment of the Court's minute entry.

In light of the concession made by the attorney defendants, I ruled at the initial conference that discovery would be limited to matters relevant to any actual damages plaintiff sustained as a result of the actions attributed to the attorney defendants in her complaint. Dkt. 36. I also, however, permitted plaintiff an opportunity to submit a brief in support of her

application to proceed with discovery on her state law claims. Plaintiff elected to do so, and submitted a letter brief dated January 28, 2019 seeking reconsideration of the limitation on discovery imposed at the initial conference. Dkt. 44. The attorney defendants have filed a response, and plaintiff has submitted a reply, Dkt. 49, 51. Having fully considered the arguments raised by the parties, I conclude that the limitation on discovery should remain in force.

Section 1367 lists several circumstances under which a district court may decline to exercise supplemental jurisdiction over a claim. One such circumstance is where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). That appears to be the case here, particularly in light of the conceded liability of the attorney defendants. As noted above, the Court has original jurisdiction over only one of the several claims asserted in the complaint, and that claim is not asserted against each of the named defendants. Moreover, the remaining factual issue with respect to the sole original jurisdiction claim is a narrow one: the extent of plaintiff's actual damages. The factual questions raised by plaintiff's other claims, in contrast, are substantial. Plaintiff's complaint contains a detailed recitation of alleged facts set forth in more than 120 paragraphs. Many of these allegations concern the conduct of the attorney defendants during proceedings in local housing court. Compl. ¶¶ 30–47. Others concern the conduct of the landlord defendants and have little or no bearing at all on plaintiff's FDCPA claim. Compl. ¶¶ 21–28. The facts alleged in the complaint, moreover, bear not only on plaintiff's dispute with the attorney and landlord defendants, but also describe events involving seven other tenants who are not parties to this case. Compl. ¶¶ 50–77. None of these alleged facts will be at issue in a damages trial with stipulated liability under the FDCPA.

A district court may also decline to exercise supplemental jurisdiction when all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). The attorney defendants' concession suggests that plaintiff's FDCPA claim may be discovered relatively quickly and promptly adjudicated. At that point, the sole claim over which the Court has original jurisdiction will have been resolved, and it may well be appropriate to decline to exercise supplemental jurisdiction over the remaining claims pursuant to § 1367(c)(3).

Finally, Section 1367 provides that a District Court may decline to exercise supplemental jurisdiction in exceptional circumstances where there are compelling reasons to do so. 28 U.S.C. § 1367(c)(4). As noted above, many of plaintiff's allegations have to do with the manner in which a litigation before a local housing court was pursued. In the interest of comity, it seems appropriate to defer to our state courts those claims plaintiff brings under state law and which are concerned with the manner in which a litigation before a local court was conducted.

For all these reasons, discovery is limited to matters relevant to any actual damages plaintiff may have sustained as a result of the conduct of the attorney defendants described in her complaint. If any of the attorney defendants intend to testify, they shall promptly so advise counsel for plaintiffs and arrange for their depositions, limited to general background and the subject matter of their anticipated testimony, to be held.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
February 27, 2019

U:\Calixto.docx