

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

May 31, 2019

**VIA ECF**
The Honorable Steven M. Gold
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:   *Luisa Calixto v. Balsamo & Rosenblatt, P.C., et. al.*
            Index No.: 18-cv-4675 (MKB)

Your Honor:

      The law firm of Rivkin Radler, LLP represents Balsamo & Rosenblatt, P.C., Robert Ronsenblatt, Edward Hall and Serenay Taysin, ("Law Firm Defendants") in the above action.  I write in opposition to "Plaintiff's Motion to Compel Discovery Answers Regarding Insurance."  *See*, Dkt. # 65.

      Succinctly, Plaintiff has no legitimate basis for filing this motion.[1]  Indeed, it is my clients' sincere belief that this motion was filed merely as another attempt by Plaintiff's counsel to run up the legal fees that Plaintiff will seek to recover after the trial on "actual damages" in this action.

      I will not waste Your Honor's time with a point-by-point rebuttal to the many irrelevant facts and/or mischaracterizations set forth in Plaintiff's motion.  The following facts are not in dispute and show convincingly that: (1) I provided Plaintiff my clients' disclosure required pursuant to Rule 26(1)(A)(iv) in accordance with the spirit and intent of Your Honor's direction, as well as in accordance with the very limited scope of discovery Ordered by Your Honor in this action; (2) I met and conferred with Plaintiff's counsel concerning this issue; (3) **I offered to have my clients verify under oath that they do not have insurance covering the FDCPA claim that is presently the only claim being adjudicated by this Court;** (4) Plaintiff's counsel ignored my offer to have my clients verify their position regarding insurance.

      These undisputed facts are as follows:

---

[1] Even the timing of this motion is suspect.  Based upon my review of my email communications with Plaintiff's counsel, we last substantively addressed this issue in the first week of April, approximately six weeks before the filing of this motion.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



- Your Honor has ordered that discovery not proceed on Plaintiff's State-law claims (Dkt. ## 36, 37);
- Your Honor has limited discovery to only "actual damages" on Plaintiff's FDCPA claim (Dkt. ## 36, 37);
- Your Honor required my clients to advise Plaintiff as to whether it had insurance coverage (Dkt. ## 47, 50);
- On March 27, 2019, via e-mail and using the exact language of Rule 26(1)(A)(iv), I advised Plaintiff's[2] counsel that my clients did not have insurance coverage for the FDCPA claim, (and attached my clients' "Supplemental Rule 26 Disclosures")[3] (*see,* Ex. "B");
- Plaintiff's counsel objected on March 29, 2019 to my response, (*see,* Ex. "C"), and we met and conferred on April 2, 2019 via telephone concerning my response (*see,* Ex. "D");
- Plaintiff's counsel sought a second "meet and confer," at which time I advised him via e-mail on April 4, 2019 that I did not believe a second "meet and confer" was necessary as I was not going to change my position **BUT** that "***my clients will verify the statement contained in the Supplemental Rule 26 Statement concerning the lack of insurance.***" (*see,* Ex. "E"), and;
- based upon my review of my e-mails, Plaintiff's counsel never responded to this offer and, instead, approximately six weeks later, filed this instant motion.

Accordingly, as Your Honor will note, this motion was completely unnecessary as I have both provided Plaintiff with the requisite insurance information concerning the FDCPA claim, and offered to have my clients verify this information under oath. No further discovery on this issue is required; no depositions of my clients should be ordered. My client is prepared to verify its response in the Supplemental Rule 26 Statement, as it offered to do on April 4, 2019, if your Honor deems it necessary, although my clients believe that it has complied with its obligations under the Federal Rules.[4]

---

[2] I had repeatedly advised Plaintiff's counsel of this in many telephone conversations, and in writing, (*see,* Ex. "A"), before sending this particular e-mail, as well as the opinion of my client, Mr. Rosenblatt, that Mr. Keshavarz was not being truthful when he said that he (Mr. Rosenblatt), told him that he had insurance.

[3] It is my understanding that my clients don't have insurance coverage for the State-law claims. However, my response was limited to the FDCPA claim because that is the only claim being adjudicated and for which discovery had been required.

[4] I also do not believe it is necessary to reply to opposing counsel's "implied" attack on my credibility through his reference to another matter that we were both involved with. Without relitigating that case, suffice it to say that I engaged in no improper conduct whatsoever in that action with regard to the insurance issue.



Respectfully submitted,

RIVKIN RADLER LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff (KAN-0350)

KAN/sme