UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LUISA CALIXTO,

                Plaintiff,

    -against-

                                            ORDER
BALSAMO & ROSENBLATT, P.C., ROBERT        18-CV-4675 (MKB)
ROSENBLATT, EDWARD HALL, SERENAY
TAYSIN, 266 REALTY NY LLC, HEUNG SANG
TAM and JUSTICE McALLISTER,

                Defendants.
-------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

    This Memorandum and Order addresses plaintiff's motion to compel certain discovery. Dkt. 65. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

    Plaintiff's motion first seeks to compel defendants Rosenblatt, Hall, Taysin, and Balsamo and Rosenblatt, P.C. (the "attorney defendants") to disclose insurance information. The attorney defendants have already filed a supplemental Rule 26(a)(1) disclosure stating, in the language of Fed. R. Civ. P. 26(a)(1)(A)(iv), that none of them "possess [any] insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment concerning the [plaintiff's] FDCPA claim or to indemnify or reimburse for payments made to satisfy any such judgment." Dkt. 65-5 at 2. Plaintiff contends that this disclosure is inadequate because defendants may not decide for themselves whether any insurance they have provides or excludes coverage for the claims at issue, citing *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004).

    The Court held a telephone conference in this action during which counsel for the attorney defendants reported that those defendants informed him that "there's no insurance

coverage." Tr. of Feb. 1, 2019 Tel. Conf. at 15:4, Dkt. 50. The Court then clarified that the attorney defendants were required to identify any malpractice coverage in effect at the relevant time, and counsel reiterated that there was none. *Id.* at 15:18–22. Under these circumstances, the Court understands the attorney defendants to be asserting that they have no malpractice insurance that applies to the time relevant to this case, or any other insurance that might even arguably provide coverage with respect to plaintiff's FDCPA claim against them. If that understanding is incorrect, the attorney defendants shall provide the responsive insurance information and documents by June 21, 2019. Failure to provide a response by that date will be construed by the Court as a representation by the attorney defendants that the Court's current understanding, described earlier in this paragraph, is accurate.

Plaintiff also seeks to compel discovery about insurance information from the other defendants in the action, referred to by the parties as the "landlord defendants." This Court has previously limited discovery to plaintiff's claim for actual damages against the attorney defendants under the FDCPA. An appeal of that ruling is currently pending. If the ruling is affirmed, it seems unlikely that plaintiff's claims against the landlord defendants will proceed before this Court. *See* Order dated Feb. 27, 2019, Dkt. 53. Accordingly, this aspect of plaintiff's motion to compel is denied without prejudice to renew in the event this Court's order limiting discovery is reversed.

Finally, plaintiff points out that the correct name of the law firm defendant sued in this case is A. Balsamo & Rosenblatt, P.C., and seeks an order directing that entity to respond to discovery demands previously responded to by Balsamo & Rosenblatt, P.C. Plaintiff and the attorney defendants have stipulated, however, that "A. Balsamo & Rosenblatt, P.C. and Balsamo & Rosenblatt, P.C. are legal entities referring to the same law firm." Stipulation ¶ 2, Dkt. 60.

The Court understands this stipulation to bind A. Balsamo & Rosenblatt, P.C. to discovery responses and representations made by Balsamo & Rosenblatt, P.C. to the same extent as if they were made in the law firm's proper name in the first instance. If the law firm defendant does not share that understanding, it shall, by June 21, 2019, so advise the Court, and in that instance shall by the same date serve either discovery responses in the name of A. Balsamo & Rosenblatt, P.C., or a stipulation binding A. Balsamo & Rosenblatt, P.C. to the responses previously served by Balsamo & Rosenblatt, P.C.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 13, 2019

U:\Calixto discovery order 061319.docx