UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUISA CALIXTO,

                  *Plaintiff,*

       -against-

BALSAMO & ROSENBLATT, P.C., ROBERT ROSENBLATT,
EDWARD HALL, SERENAY TAYSIN, 266 REALTY NY
LLC, HEUNG SANG TAM, JUSTICE MCALLISTER, and
A. BALSAMO & ROSENBLATT, P.C.

                  *Defendants.*

Case No. 18-cv-04675

(Hon. Margo K. Brodie)

**MEMORANDUM OF LAW IN SUPPORT OF
LANDLORD DEFENDANTS' MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT**

DESIDERIO, KAUFMAN & METZ, PC
One Battery Park Plaza, 18th floor
New York, New York 10004
(212) 825-0365
*Attorneys for 266 Realty NY LLC,
Heung Sang Tam & Justice McAllister*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

TABLE OF EXHIBITS ................................................................................................. v

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

ARGUMENT ................................................................................................................ 5

POINT I ........................................................................................................................ 5

THE PLAINTIFF FAILS TO STATE A CLAIM AGAINST LANDLORD ................ 5

    A.   To Survive Dismissal Plaintiff Must Present a Sufficient Legal Claim ...................... 5

    B.   As a Matter of Law, GBL § 349 Does Not Apply to Landlord-Tenant Rent Disputes  6

    C.   Plaintiff's Negligence Per Se Claims Must Likewise be Dismissed .......................... 10

POINT II ...................................................................................................................... 11

THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION ..... 11

    A.   The State Law Claims Would Substantially Predominate Over the FDCPA Claim. . 12

    B.   Plaintiff's Claims Raise Complex Issues Arising Under State Law .......................... 15

CONCLUSION ............................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**  **Page(s)**

*23 Realty Assocs. v. Teigman,*
  213 A.D.2d 306 N.Y.S.2d 155 (1st Dept.1995) .................................................. 9, 10

*Aegis Ins. Servs., Inc. v. 7 World Trade Co.,*
  865 F. Supp. 2d 370 (S.D.N.Y. 2011) ................................................................ 10

*Aguaiza v. Vantage Properties, LLC,*
  69 A.D.3d 422 N.Y.S.2d 19 (1st Dep't 2010) ("*Aguaiza II*") ........................... 2, 6-9

*Aguaiza v. Vantage Properties, LLC,*
  NY Slip Op 31144(U), 2009 WL 1511791, at *2
  (Sup. Ct. N.Y. Cty. 2009) ("*Aguaiza I*")  *affirmed as*
  *modified,* 69 A.D.3d 423, 893 N.Y.S.2d 20 (1st Dep't 2010) .................................. 7

*Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.,*
  2002 WL 13222 (E.D.N.Y. 2002). ................................................................... 2, 10

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................ 5

*Bell Atlantic Corp., v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................... 5, 6

*Bueno v. LR Credit 18, LLC,*
  269 F. Supp. 3d 16 (E.D.N.Y. 2017) ................................................................ 16

*Coakley v. Kingsbrook Jewish Med. Ctr.,*
  No. 16 CIV. 7009 (BMC), 2017 WL 398379 (E.D.N.Y. Jan. 30, 2017) ................. 13

*Collazo v. Netherland Prop. Assets LLC,*
  155 A.D.3d 538 N.Y.S.3d 537 (1st Dep't 2017) ................................................ 8

*Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP,*
  2018 WL 2247206 (S.D.N.Y. 2018) ................................................................. 13

*Elliott v. City of New York,*
  95 N.Y.2d 730 N.Y.S.2d 397 (2001) ................................................................ 11

*Erie R. Co. v. Tompkins,*
  304 U.S. 64 S. Ct. 817 L. Ed. 1188 (1938) ....................................................... 9

*German by German v. Fed. Home Loan Mortg. Corp.,*
  896 F. Supp. 1385 (S.D.N.Y. 1995) ................................................................. 10

*Guzman v. Mel S. Harris & Assocs., LLC,*
  2018 WL 1665252 (S.D.N.Y. 2018) ................................................................. 16

*Harris v. Mills,*
  572 F.2d 66 (2d Cir. 2009). ............................................................... 6

*Hicksville Water Dist. v. Philips Elecs. N. Am. Corp.,*
  2018 WL 1542670 (E.D.N.Y. 2018) ........................................................ 10

*Jager v. Boston Rd. Auto Mall, Inc.,*
  2015 WL 235342  (S.D.N.Y. 2015)..................................................... 13, 15

*Lautman v. 2800 Coyle St. Owners Corp.,*
  2014 WL 2200909 (E.D.N.Y. 2014) ...................................................... 9, 15

*Leonard v. Abbott Labs., Inc.,*
  2012 WL 764199 (E.D.N.Y. 2012) ........................................................ 15

*Nwagboli v. Teamwork Transp. Corp.,*
  2009 WL 4797777 (S.D.N.Y. 2009)........................................................ 16

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
  N.A., 85 N.Y.2d 20  N.E.2d 741 (1995)..................................................... 6

*Post v. Gen. Motors Corp.*, 2002 WL 1203847 (S.D.N.Y. 2002) ................................. 16

*Quinn v. Parkoff Operating Corp.,*
  2018 N.Y. Slip Op. 50349(U), 2018 WL 1387085 (Sup. Ct. N.Y. Cty. 2018) ................... 8, 10

*Ramseur v. Hudsonview Co.,*
  59 A.D.3d 308 N.Y.S.2d 51 (1st Dept. 2009) ............................................. 8

*Sanchez v. Ehrlich,*
  2018 WL 2084147 (S.D.N.Y. 2018)...................................................... 9, 10, 15

*Sembler v. Advanta Bank Corp.,*
  No. 07 CV 2493 (RJD), 2008 WL 2965661 (E.D.N.Y. Aug. 1, 2008) .................... 13

*Sutton Apartments Corp. v. Bradhurst 100 Dev. LLC,*
  107 A.D.3d 646 N.Y.S.2d 483 (1st Dept. 2013) ...................................... 8

*Valencia ex rel. Franco v. Lee,*
  316 F.3d 299 (2d Cir. 2003). .......................................................... 15

## Statutes and Court Rules

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*........................... *passim*

28 U.S.C. § 1367............................................................................ *passim*

28 U.S.C. § 1652................................................................................ 9

Fed. R. Civ. P. 12(b) ........................................................................ 1, 5, 17

Fed. R. Civ. P. 41 ........................................................................................................ 4

Judiciary Law § 487 .................................................................................................... 4

New York General Business Law ("GBL") § 349 .............................................. *passim*

**<u>TABLE OF EXHIBITS</u>**

***<u>Exhibits to Declaration  of William J. Geller</u>***

A      First Amended Complaint ("Complaint")

B      Jan. 3, 2019 Letter from Attorney Defendants Conceding FDCPA Liability

C      Feb. 27, 2019 Order of Magistrate Judge Gold

D      Plaintiff's May 21, 2019 Notice of Dismissal Without Prejudice

## PRELIMINARY STATEMENT

Defendants 266 Realty NY LLC, Heung Sang Tam, Justice McAllister, (collectively, the "Landlord") respectfully submit this Memorandum of Law in support of its motion to dismiss all claims against the Landlord in the First Amended Complaint ("Complaint")[1] pursuant to Fed. R. Civ. P. 12(b)(1) & (6) and 28 U.S.C. § 1367 for failure to state a claim and absence of supplemental jurisdiction.

The single federal claim in the Complaint is brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), not against the Landlord, but against Defendants Balsamo & Rosenblatt, P.C., Robert Rosenblatt, Edward Hall, Serenay Taysin, and A. Balsamo & Rosenblatt, P.C. (the "Attorneys").  The Attorneys have conceded liability under the FDCPA claim, including the maximum statutory damages. (Geller Decl., Ex. B). As a result, Magistrate Judge Steven M. Gold ordered that discovery be "limited to matters relevant to any actual damages plaintiff may have sustained" (Geller Decl. Ex. C at 4), allowing Plaintiff to be fully compensated for any injuries she may have suffered, but precluding discovery on any alleged improper conduct of Defendants, which is irrelevant in light of the conceded liability.

Plaintiff alleges only two state law causes of action against Landlord, both in connection with non-payment eviction proceedings brought on behalf of Landlord.[2] The first is under New York General Business Law ("GBL") § 349, and the second is for negligence per se premised on an alleged violation of GBL § 349.  (Complaint, ¶ 94-100 & 112-118).

---

[1]     The Complaint is attached as Exhibit A to the accompanying Declaration of William J. Geller ("Geller Decl.").

[2]     On May 21, 2019, Plaintiff voluntarily dismissed the two other state law causes of action that were previously asserted against the Landlord, the fourth claim for rent overcharge and the sixth claim for gross negligence.  (Geller Decl. Ex. D).

However, these claims against the Landlord must be dismissed under controlling state precedent because GBL § 349 does not apply to "private disputes between landlords and tenants," as they are "not consumer-oriented conduct aimed at the public at large, as required by the statute" *See Aguaiza v. Vantage Properties*, LLC, 69 A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dep't 2010) ("*Aguaiza II*"). Because Plaintiff's GBL § 349 claim fails, the negligence per se claim based on GBL § 349 likewise fails. *See e.g., Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 2002 WL 13222, at *7 (E.D.N.Y. 2002).

Although the claims against Landlord should be dismissed as a matter of law, if they are not, this Court should decline to exercise supplemental jurisdiction over these state law claims on the grounds that: "the claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).   As Magistrate Judge Gold recognized:

> "The factual questions raised by plaintiff's other [non-FDCPA] claims, in contrast, are substantial.  Plaintiff's complaint contains a detailed recitation of alleged facts set forth in more than 120 paragraphs. . . . None of these alleged facts will be at issue in a damages trial with stipulated liability under the FDCPA."

(Geller Decl., Ex. C at 3).  Because the damages issues in the sole federal claim, the FDCPA claim brought against the Attorneys only are very limited when compared to the issues that would be required to be addressed in in considering the wide-ranging allegations brought by Plaintiff in connection with her GBL § 349 claims, this Court should decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(2).

Accordingly, this Court should dismiss Plaintiff's claims against Landlord in their entirety.

## STATEMENT OF FACTS

For the purpose of this motion to dismiss only, all facts herein, unless otherwise stated, are taken from the Complaint. Landlord disputes a substantial number of the factual allegations set forth in Complaint.

Defendant 266 Realty NY LLC is the Landlord of the apartment building located at 266 Prospect Park West, Brooklyn NY 11215 (the "Building"). (Complaint, ¶ 12, 20). Defendant Heung Sam Tam is also alleged to be the landlord of the Building. (Complaint, ¶ 14). Defendant Justice McAllister is the managing agent for the Landlord, and is registered as such Department of Housing Preservation and Development. (Complaint, ¶ 16).

Plaintiff Luisa Calixto resides in Apartment 3L in the Building. (Complaint, ¶ 20). Plaintiff was the subject of a non-payment proceeding brought by the Attorneys on behalf of the Landlord. (Complaint, ¶ 31). The non-payment proceeding against Plaintiff continued for several months and was ultimately dismissed. (Complaint, ¶ 49). The Complaint alleges that the Defendants engaged in improper debt collection activity in connection with the non-payment proceeding. (Complaint, ¶¶ 32-48).

Beyond the allegations regarding her own non-payment proceeding, Plaintiff sets forth allegations regarding non-payment proceedings brought by Landlord and its alleged affiliates that Plaintiff located by searching a court database for cases filed. (Complaint, ¶ 56). Based on these routine filings regarding private disputes concerning between of the Landlord and its alleged affiliates and its and various tenants, Plaintiff baldly alleges that Defendants are "lying to the court" that the Landlord "hires the Collection Attorneys to file bogus residential cases" and that the cases "have the same disturbing fact pattern." *See* (Complaint, ¶ 53-56). Plaintiff attempts to mislead this court into thinking that because all the cases involve the issuance of rent

demands and the commencement of litigation to attempt to collect rent from non-paying tenants, the Landlord is engaging in some kind of "scheme". However, what Plaintiff conveniently attempts to label as a "disturbing fact pattern" merely consist of the procedural steps required to prosecute non-payment proceedings against tenants who fails to pay their rent, and the conclusion of the cases through issuance of a warrant of eviction, settlement or voluntary discontinuance. *See* (Complaint, ¶ 57-78).

Plaintiff initially filed this suit alleging (1) claims against the Attorneys under the FDCPA, GBL § 349, and Judiciary Law § 487, and for committing negligence per se sand gross negligence; and (2) claims against Landlord alleging rent overcharge, violation of GBL § 349., and negligence per se and gross negligence. On May 21, 2019, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff voluntarily dismissed the rent overcharge and gross negligence claims. (Geller Decl., Ex. D).

In an effort to limit the scope of this Action, the Attorneys conceded liability for Plaintiff's FDCPA claim and agreed to expedited discovery to determine Plaintiff's alleged "actual damages" resulting from the FDCPA violation. (Geller Decl., Ex. B). Several pretrial conferences were held before Magistrate Judge Gold, who held that if the Attorneys stipulated to liability, "discovery will be limited to damages." (Dec. 17, 2018 Minute Entry, ECF 36). In a subsequent conference, the Attorneys confirmed "to stipulate that plaintiff may recover all actual and statutory damages available under the [FDCPA]," and Judge Gold ordered that parties were to proceed with limited discovery (Feb 1, 2019 Minute Entry, ECF 47).

In an Order denying reconsideration of his prior discovery decisions, Judge Gold found that "the remaining factual issue with respect to the sole original jurisdiction claim is a narrow one: the extent of plaintiff's actual damages. The factual questions raised by plaintiff's other

claims, in contrast are substantial." (Geller Decl., Ex. C at 3). Judge Gold further found that "none of these alleged facts will be at issue in a damages trial with stipulated liability under the FDCPA." (*Id.*). As a result the Judge Gold again ordered that "discovery is limited to matters relevant to any actual damages plaintiff may have sustained as a result of the conduct of the Attorneys described in her complaint." (*Id.* at 4).   The Plaintiff has appealed Judge Gold's decision, and this Court reserved decision on the appeal pending decision on this Motion to dismiss. (June 19, 2019 Docket Minute Entry)

On January 20, 2019, Landlord submitted a request for a pre-motion conference on this Motion to Dismiss (ECF 45), which was held on June 19, 2019, at which time the Court directed briefing of this Motion.

## ARGUMENT

## POINT I

## THE PLAINTIFF FAILS TO STATE A CLAIM AGAINST LANDLORD

### A.    To Survive Dismissal Plaintiff Must Present a Sufficient Legal Claim

To survive a motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, mere labels and legal conclusions will not satisfy plaintiff's obligation to provide the "grounds" of plaintiff's "entitlement to relief." *Twombly*, 550 U.S. at 555.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will…be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.2d 66, 72 (2d Cir. 2009). "[A] complaint must allege facts suggestive of [the proscribed] and those "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, accepting the factual allegations in the complaint as true, the Plaintiff fails to state a claim against the Landlord under their GBL § 349 or negligence per se causes of action.

**B.      As a Matter of Law, GBL § 349 Does Not Apply to Landlord-Tenant Rent Disputes**

GBL § 349 declares as unlawful "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." To prevail on a claim under GBL § 349(a) a plaintiff must show that the complained of "acts or practices have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741, 744 (1995). Because the touchstone of GBL § 349 is broad -based consumer fraud, private disputes between parties do not fall within the ambit of GBL § 349(a). *Id.*

Accordingly, GBL § 349(a) claims should be dismissed where "Plaintiff's allegations of unlawfully deceptive acts and practices under General Business Law § 349 presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by the statute"  *Aguaiza II*, 69 A.D.3d at 423, 893 N.Y.S.2d at 20 (dismissing GBL § 349 claim as not consumer-oriented and finding it "unnecessary to address the parties other contentions").

Although the *Aguaiza II* Appellate Division decision is terse, the Supreme Court decision upon which it was based demonstrates that the GBL § 349 claim dismissed in *Aguaiza* is legally

indistinguishable from the GBL § 349 claim asserted by Plaintiff herein.  The *Aguaiza* Supreme

Court Decision explained that as to the 10 plaintiffs bringing claims:

> Plaintiffs allege a fact pattern of deceptive harassing  activities specific to each Plaintiff,  And the common threads collectively binding Plaintiffs *inter alia* involve Defendants commencing baseless non-payment proceedings, arbitrarily refusing to accept timely tendered rent payments, prosecuting bogus non-primary residency and/or illegal sublet holdover proceedings, making baseless refusals to offer lease renewals and arbitrarily demanding proof of identity from Plaintiffs without good cause to maintain their rent stabilized tenancy rights."

*Aguaiza v. Vantage Properties, LLC*, 2009 NY Slip Op 31144(U), 2009 WL 1511791, at *2

(Sup. Ct. N.Y. Cty. 2009) ("*Aguaiza I*") (citations omitted), *affirmed as modified,* 69 A.D.3d

422, 423, 893 N.Y.S.2d 19, 20 (1st Dep't 2010).  The *Aguaiza* Supreme Court summarized the

landlords' alleged misconduct as:   "intentionally issuing deceptive or misleading rent bills, rent

demands, breach of lease notices . . . or non-primary residency notices and thereafter

initiating/prosecuting bogus non-payment or holdover proceedings." (*Id.* at *7).

In analyzing the *Aguaiza* plaintiff's claims, the Supreme Court explained that:

> Contrary to Plaintiffs' desire to repackage themselves as consumers, it is inescapable that the relationship between Plaintiffs and Defendants is that of landlord and tenant, respectively. Between them there exists both privity of contract (i.e., the leases) and privity of estate (i.e., the leasehold interest in the rent stabilized apartment).

*Id.*  at *5.   As a result, the Supreme Court's holding, affirmed by the Appellate Division, was

that:

> the complained of activities Defendants engaged in (arguably grounded on manufactured lease or contract disputes over rent or unfounded bases for non-renewals of Plaintiffs' leases under the Rent Stabilization Law and Code) are private disputes unique to Plaintiffs as individual rent stabilized tenants and their respective landlord and did not affect consumers at large.

*Id.* at *7.

Just like in *Aguaiza*, the alleged misconduct here is the filing of "bogus" rent demands and eviction proceedings.  (Complaint, ¶ 55).  More specifically, the Plaintiffs here allege that Defendants "attempting to evict tenants by misrepresenting the amount owed and the legally regulated rent and actively concealing form the consumer and the courts the amount that has already been paid." (Complaint, ¶ 97).

However, just like in *Aguaiza*, the Plaintiff's allegations herein "only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by" GBL § 349.  *Aguaiza II,* 69 A.D.3d at 423, 893 N.Y.S.2d at 20.

The holding of *Aguaiza* that landlord-tenant rent disputes cannot be the basis for GBL § 349 liability has been consistently followed by the New York State courts.  *See Collazo v. Netherland Prop. Assets LLC*, 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dep't 2017) (dismissing GBL § 349 claim that allegedly overcharged tenants failed state a claim), *leave to appeal granted*, 31 N.Y.3d 910, 81 N.Y.S.3d 368 (2018); *Ramseur v. Hudsonview Co.*, 59 A.D.3d 308, 874 N.Y.S.2d 51, 52 (1st Dept. 2009) (GBL § 349 claim dismissed "since the settlement agreement and renewed lease were private contracts between individual parties and did not affect consumers at large"); *Sutton Apartments Corp. v. Bradhurst 100 Dev. LLC*, 107 A.D.3d 646, 648, 968 N.Y.S.2d 483, 486 (1st Dept. 2013) (GBL § 349 claim dismissed because "this action is limited to the parties in the subject building and does not involve 'the public at large'");  *Quinn v. Parkoff Operating Corp.*, 2018 N.Y. Slip Op. 50349(U), 2018 WL 1387085, at *6 (Sup. Ct. N.Y. Cty. 2018) (GBL § 349 "claim is not validly stated because the action is limited to plaintiffs' apartments, and does not involve the 'public at large'").

Accordingly, Plaintiff's GBL § 349 claim must be dismissed because Plaintiff's factual allegations only present private disputes between landlords and tenants, not consumer-oriented

conduct aimed at the public at large. As in *Aquaiza* and the other cases, the relationship between the parties was that of landlord and tenant, the alleged deceptive acts concerned the collection and payment of rent, resulting in dismissal of the GBL § 349 claim because landlord-tenant disputes are private disputes not consumer-oriented conduct aimed at the public at large. *See Aguaiza*, 69 A.D.3d at 423, 893 N.Y.S.2d at 20.

In federal courts, "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." 28 U.S.C.A. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). However, despite the clear and consistent state case law holding that rent disputes between landlords and tenants cannot be the basis of GBL § 349 liability, some federal court decisions have misapplied the controlling law where GBL § 349 claims are asserted in connection with federal law claims. Other federal decisions, however, have properly dismissed supplemental GBL § 349 claims. For instance, in a persuasive case, this Court has dismissed claims under GBL § 349(a) because a tenant's allegations regarding a housing court proceeding did not involve "the deceptive consumer-type of conduct targeted by statute." *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at *8 (E.D.N.Y. 2014).

An example of the Southern District of New York misapplying state case law to uphold a GBL § 349 claim is *Sanchez v. Ehrlich*, 2018 WL 2084147, at *11 (S.D.N.Y. 2018). Although *Aguaiza II* and the related state case law hold that landlord's actions with respect to rent collection and eviction of existing tenants is not consumer-oriented conduct under GBL § 349, there is other case law that holds that other landlord conduct aimed toward the public at large, such as the advertising of apartments, can subject a landlord to GBL §349 liability. *See 23 Realty Assocs. v. Teigman*, 213 A.D.2d 306, 307, 624 N.Y.S.2d 155, 156 (1st Dept.1995); *see*

*generally Quinn*, 2018 WL 1387085, at *6 (analyzing case law upholding GBL § 349 liability in advertising for tenants, and distinguishing rent collection activities, which are not a basis for GBL § 349 claims).  In *Sanchez*, the court incorrectly applied *23 Realty*, an advertising case, to sustain a GBL § 349 claim relating to rent collection. *Sanchez*, 2018 WL 2084147, at *11.

Regardless of the inconsistent rulings by the federal courts, controlling state law has well established that disputes between a landlord and tenant do not fall within the ambit of GBL § 349. As such, because *Erie* requires that this Court must follow state law, this Court should dismiss Plaintiff's GBL § 349 claim because as Plaintiff's allegations only present a private, non-consumer oriented dispute, and thus GBL § 349, does not apply as a matter of law.

**C.      Plaintiff's Negligence Per Se Claims Must Likewise be Dismissed**

Violation of a statute does not automatically give rise to a negligence per se claim. "Only statutes designed to protect a definite class of persons from a particular hazard, which persons within the class are incapable of avoiding, can give rise to negligence per se for violation of the statute." *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1396 (S.D.N.Y. 1995); *see also Hicksville Water Dist. v. Philips Elecs. N. Am. Corp.*, 2018 WL 1542670, at *9 (E.D.N.Y. 2018).

Significantly, when a court finds that there has been no violation of a particular statute, a Plaintiff cannot bring a claim of negligence per se based on an alleged violation of that statute. *See e.g., Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 2002 WL 13222, at *7 (E.D.N.Y. 2002) ("As this Court has found that § 2504 was not violated, there can be no action for negligence per se based on a violation of § 2504."); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 865 F. Supp. 2d 370, 380–81 (S.D.N.Y. 2011) (finding that since "Con Edison has not shown that 7WTCo. or Citigroup violated a statute, Con Edison's claims of negligence per se are

dismissed."); *see also Elliott v. City of New York*, 95 N.Y.2d 730, 736, N.Y.S.2d 397, 401 (2001) ("In the absence of a violation of a statutorily imposed duty in this case, a negligence per se finding was unwarranted and defendants are entitled to a reversal and a new trial.").

As discussed above, since Plaintiff's factual allegations only present private disputes between landlords and tenants, not consumer-oriented conduct aimed at the public at large, this Court cannot find that the Landlord violated GBL § 349. Accordingly, Plaintiff cannot bring a claim of negligence per se based on an alleged violation of GBL § 349(a). As such, Plaintiff's negligence per se claim which hinders on an implausible violation of GBL § 349(a) must be dismissed.

Additionally, Plaintiff has not alleged and cannot allege that the Landlord violated the FDCPA. The only violations of the FDCPA alleged by Plaintiff are asserted against the Attorneys. *See* (Complaint, ¶ 88-93). This is undoubtedly because the FDCPA applies only to debt collectors, and not original creditors.  15 U.S.C. § 1692a(4) & (6).  Thus, because the Landlord is a creditor and not subject to the FDCPA, the Landlord cannot be held liable under a theory of negligence per se based on a violation of the FDCPA. *Armstrong*, 2002 WL 13222, at *7.

Accordingly, Plaintiff's negligence per se claim against Landlord based on an alleged violations of inapplicable statutes, GBL § 349 and the FDCPA,  by the Attorneys must be dismissed.

## POINT II

## <u>THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION</u>

In the event this Court does not find that Plaintiff's state law claims must be dismissed as a matter of law, this Court should nonetheless decline to exercise supplemental jurisdiction over

these claims given the complexity the state law claims would bring to this case, particularly given the Attorneys' concession of FDCPA liability, which limits the federal law issue to the actual and statutory damages suffered by Plaintiff.

Pursuant to 28 U.S.C. § 1367(a),

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, 28 U.S.C. § 1367(c) provides that,

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

## A.    The State Law Claims Would Substantially Predominate Over the FDCPA Claim.

Although the Plaintiff asserts that the FDCPA claim against the Attorneys and her state law claims arise from same common nucleus of operative fact, this Court may decline supplemental jurisdiction where the state law claims would substantially predominate over the FDCPA claim.   28 U.S.C. § 1367(c)(2).    As one court has explained, "the 'substantially predominates' standard of § 1367(c)(2) creates a 'limited exception' to the exercise of supplemental jurisdiction that should be invoked only when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" *Jager v. Boston Rd. Auto Mall, Inc.*, 2015 WL 235342, at *5 (S.D.N.Y.

2015) (declining to exercise supplemental jurisdiction where the federal claim was determined without factual dispute whereas the state law claims involved determining conflicting factual accounts which were more complex, required more judicial resources, and were more salient than the federal law claims).

When determining whether a state law claim substantially predominates over the federal law claim, the court considers the nature of the claims. *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, 2018 WL 2247206, at *8 (S.D.N.Y. 2018).  Indeed, this Court regularly declines supplemental jurisdiction where it finds that the state law claims would substantially predominate over the federal law claims. See e.g., *Sembler v. Advanta Bank Corp.*, , 2008 WL 2965661, at *3 (E.D.N.Y. Aug. 1, 2008) (declining supplemental jurisdiction over state claims over defendant who was found not to be a debt collector subject to FDCPA liability); *Coakley v. Kingsbrook Jewish Med. Ctr.*, No. 16 CIV. 7009 (BMC), 2017 WL 398379, at *4 (E.D.N.Y. Jan. 30, 2017) (declining to exercise jurisdiction because of the voluminous amount of discovery necessary to the resolution of the factually distinct state law claim).

Here, the Attorneys, have already conceded their liability under the FDCPA claims asserted by Plaintiff.  As result, the only issue left for this Court to decide in regard to the FDCPA claim is the amount of damages Plaintiff is entitled to collect, and Magistrate Judge Gold has limited discovery to the factual question of damages.  (Geller Decl., Ex. C).  Indeed, Judge Gold's Order limiting discovery sets forth persuasively why supplemental jurisdiction should be declined, explaining:

> Section 1367 lists several circumstances under which a district court may decline to exercise supplemental jurisdiction over a claim. One such circumstance is where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). That appears to be the case here, particularly in light of the conceded liability of the attorney defendants. As noted above, the Court has original jurisdiction over only one of

> the several claims asserted in the complaint, and that claim is not asserted against each of the named defendants. Moreover, the remaining factual issue with respect to the sole original jurisdiction claim is a narrow one: the extent of plaintiff's actual damages. The factual questions raised by plaintiff's other claims, in contrast, are substantial. Plaintiff's complaint contains a detailed recitation of alleged facts set forth in more than 120 paragraphs. Many of these allegations concern the conduct of the attorney defendants during proceedings in local housing court. Compl. ¶¶ 30–47. Others concern the conduct of the landlord defendants and have little or no bearing at all on plaintiff's FDCPA claim. Compl. ¶¶ 21–28. The facts alleged in the complaint, moreover, bear not only on plaintiff's dispute with the attorney and landlord defendants, but also describe events involving seven other tenants who are not parties to this case. Compl. ¶¶ 50–77. None of these alleged facts will be at issue in a damages trial with stipulated liability under the FDCPA.

(Geller Decl., Ex. C).

As such, the only federal question at issue herein is the issue of the Plaintiff's damages under the FDCPA.  In contrast, adjudication of Plaintiff's state law claims requires factual determinations of the appropriate rent that should have been assessed, whether and when such rent was paid, whether Plaintiff's rent withholding was proper and Landlord's business practices with respect to rent collection. Further, Plaintiff's base their assertion that their GBL § 349 claim is consumer-oriented on allegations regarding 13 other landlord-tenant proceedings brought against 7 other individuals who are allegedly also tenants of Landlord and its affiliates. (Complaint, ¶ 57).  Indeed, Plaintiff's counsel has been adamant that, notwithstanding the Attorneys' concession of liability, he wants to conduct additional discovery regarding all aspects of what he alleges to be misconduct of all Defendants (even where such alleged misconduct is ordinary rent collection activities), in order to have facts with to "smear" defendants at trial, even though those facts have no bearing on the damages that Plaintiff is alleged to have suffered.

Because the only federal issue remaining in the case is the damages under the FDCPA claim, permitting the case to include discovery and trial on Plaintiff's state claims would result in unnecessary cost, and delay, require more judicial resource, and add further complexity to this

Case.   Because the remaining federal law damages claim is extremely limited, permitting litigation of the expansive state law claims in this Court would be "allowing a federal tail to wag what is in substance a state dog." *Jager*, 2015 WL 235342, at \*5 (S.D.N.Y. 2015).  As such, to the extent that the claims against Landlord are not dismissed, this Court should decline to exercise supplemental jurisdiction.

**B.**     **Plaintiff's Claims Raise Complex Issues Arising Under State Law**

In addition to declining jurisdiction where the state claims substantially predominate, 28 U.S.C. 1367(c)(1), this Court may decline supplemental jurisdiction when "the claim raises a novel or complex issue of State law." *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299 (2d Cir. 2003).

As already noted above, the federal courts have inconsistent rulings on whether GBL § 349 is applicable to private disputes involving landlords and tenants. *Compare Lautman*, 2014 WL 2200909, at \*8 *with Sanchez*, 2018 WL 2084147, at \*11.   Similarly, federal courts have conflicting rulings as to whether GBL § 349 allows a plaintiff to recover punitive damages, notwithstanding the statutory text limiting additional damages under GBL § 349 to $1,000. Specifically, GBL § 349(h) provides in relevant part that "the court may, in its discretion, increase the award of damages to an amount *not to exceed three times the actual damages up to one thousand dollars*, if the court finds the defendant willfully or knowingly violated this section." (emphasis supplied).

The predominate view is that this clause limits the plaintiff's recovery over and above her actual damages to $1,000 (the conceded additional statutory damages under the FDCPA).  *See Leonard v. Abbott Labs., Inc.*, 2012 WL 764199, at \*8 (E.D.N.Y. 2012) (finding that under GBL § 349, "treble damages available for willful and knowing misconduct are commonly referred to

as a type of 'limited punitive damages'… because punitive damages above and beyond the trebling of actual damages are not an available remedy under the statute"); *Guzman v. Mel S. Harris & Assocs., LLC*, 2018 WL 1665252, at *14 (S.D.N.Y. 2018) ( the plain text of GBL § 349 does not authorize punitive damages in excess of the $1,000 permitted by the statute."); *see also Post v. Gen. Motors Corp.*, 2002 WL 1203847, at *2 (S.D.N.Y. 2002) ("As to punitive damages, New York General Business Law § 349, relied on by plaintiff in one of his two causes of action, limits punitive damages to an amount 'not to exceed three times the actual damages up to one thousand dollars.'"); *Nwagboli v. Teamwork Transp. Corp.*, 2009 WL 4797777, at *7 (S.D.N.Y. 2009) ("To the extent that New York's consumer protection law provides a treble damages remedy, and each plaintiff recovers the maximum statutory award authorized, neither should, in addition, receive punitive damages for this claim.").

Despite the clear line of precedent, some cases have found that GBL § 349 allows for recovery of punitive damages in excess of $1,000.00. *See e.g., Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16, 23 (E.D.N.Y. 2017). These cases, however, have, been criticized as misreading the applicable state case law. *Guzman v. Mel S. Harris & Assocs., LLC*, 2018 WL 1665252, at *14 (S.D.N.Y. 2018) (limiting GBL § 349 punitive damages to $1,000).

As such, a finding that Plaintiff would be entitled to punitive damages exceeding $1,000 for an implausible negligence per se claim based on GBL § 349, would constitute a major departure from the statutory text, clear legislative intent, and various court decisions analyzing the amount of damages a plaintiff can recover under GBL § 349.

 Here, Landlord contends that the controlling case law holds that GBL § 349 liability cannot be imposed in the landlord-tenant rent disputes presented in this case, and that even if GBL § 349 liability could be imposed, controlling case law limits additional statutory damages

to $1,000, the same additional statutory damages to which the Plaintiff is concededly entitled under the Attorneys' concession of liability.  Nonetheless, to the extent that this Court finds that these issues are unresolved based on the apparent inconsistencies in the federal courts ruling on these state law claims, this Court can decline supplemental jurisdiction over Plaintiff's state law claims as pursuant to 28 U.S.C. § 1367(c)(1) on the ground that "the claim raises a novel or complex issue of State law."

Declining supplemental jurisdiction before this federal Court will not result in Plaintiff losing any substantial rights or her day in court. To the extent that Plaintiff is not fully compensated for her injuries under the FDCPA claim and any other claims that may proceed in this Court, she will be fully able to assert any dismissed state claims in state court.  This would allow Plaintiff's state law claims to be heard by a court that is more experienced in analyzing these issues, and allowing the state court to determine the outcome of disputed stated claims would be more in line with the proper administration of justice.

For this reasons to the extent that this Court does not find, as it should, that Plaintiff's Complaint fails to state a claim against Landlord, it should decline to exercise supplemental jurisdiction over the state law claims asserted against Landlord and dismiss Landlord from this action.

## <u>CONCLUSION</u>

**WHEREFORE**, for the reasons set forth herein and in the accompanying Declaration of William J. Geller, Defendants 266 Realty NY LLC, Heung Sang Tam, Justice McAllister respectfully request that this Court enter an Order pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 § U.S.C. 1367(c), dismissing all claims in the First Amended Complaint as to such Defendants and granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        July 19, 2019

                                    DESIDERIO, KAUFMAN & METZ, PC

                                    By:   /s/ William J. Geller
                                           William J. Geller
                                    One Battery Park Plaza, 18th Floor
                                    New York, New York 10004
                                    wgeller@dkmlawyers.com
                                     (212) 825-0365
                                    *Attorneys for 266 Realty NY LLC,*
                                    *Heung Sang Tam & Justice McAllister*