# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR  WWW.NEWYORKCONSUMERATTORNEY.COM  Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026    E-mail: ahmad@NewYorkConsumerAttorney.com    Fax: (877) 496-7809

April 9, 2020

**VIA ECF**
Judge Margo K. Brodie
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Court of Appeals of New York ruling on *Collazo*, as referenced in briefed Motion to Dismiss [DE 81-87].
>
> *Luisa Calixto v. Balsamo & Rosenblatt, P.C.* et al, 1:18-cv-4675-MKB

Dear Judge Brodie:

The undersigned, along with CAMBA Legal Services, a non-profit legal services provider, represents Plaintiff Luisa Calixto in the above-captioned action against a debt collection law firm, Balsamo & Rosenblatt, P.C., and three attorneys at the firm, Robert Rosenblatt, Edward Hall, and Serenay Taysin (collectively the "Attorney Defendants") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (the "FDCPA"), N.Y. Gen. Bus. Law § 349 *et seq.,* N.Y. Jud. § 487, and for committing negligence *per se*. Plaintiff also brings suit against putative landlords, 266 Realty NY LLC and Heung Sang Tam, and the managing agent Justice McAllister, (collectively, the "Landlord Defendants"), for violating N.Y. Gen. Bus. Law § 349 *et seq.*, and for negligence *per se*.

Plaintiff has enclosed the decision of the Court of Appeals of New York in the matter *Collazo v. Netherland Property Assets LLC, et al.,* 2020 NY Slip Op 02128 (NY April 2, 2020). The then-pending case was addressed at length in the briefing of the Motion to Dismiss [DE 81-87]. The Court of Appeals of New York has decided to not rule at this time as to whether or not a misrepresentation by a landlord to the public that an apartment is exempt from rent regulation following deregulation violates GBL § 349 since, by its determination, plaintiffs only plead bare legal conclusions. The Court did "assume without deciding" that GBL § 349 did apply to landlord-tenant disputes and the Honorable Judge Rivera's dissent-in-part gives argument that the Court should have resolved the issue:

> "The courts below dismissed plaintiffs' complaint based on their erroneous understanding that conduct between a landlord and tenant is inherently "private" rather than consumer-oriented in nature (2017 NY Slip Op 31709[U], *3 [Sup Ct, NY County 2017], affd 155 AD3d 538 [1st Dept 2017], *citing Aguaiza v Vantage Props., LLC*, 69 AD3d 422, 423 [1st Dept 2010]). We have never endorsed such a per se rule—as to the real estate industry or any other. Indeed, the blanket approach espoused below is contrary to GBL § 349 and not supported by our caselaw." *Collazo*, 2020 NY Slip Op 02128, at *1-2 (J. Rivera).

Plaintiff is happy to provide further briefing if requested.

Respectfully,

1

/s/

Ahmad Keshavarz

One of Plaintiff's Attorneys

Enclosures:
    *Collazo* decision
    .

cc:    All attorneys of record via ECF