UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LUISA CALIXTO,

                      Plaintiff,

                      v.

BALSAMO & ROSENBLATT, P.C., ROBERT
ROSENBLATT, EDWARD HALL, SERENAY
TAYSIN, 266 REALTY NY LLC, HEUNG SANG
TAM, JUSTICE MCALLISTER, and A.
BALSAMO & ROSENBLATT, P.C.,

                      Defendants.

**MEMORANDUM & ORDER**
18-CV-04675 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Luisa Calixto commenced the above-captioned action on August 17, 2018 against Defendants Balsamo & Rosenblatt, P.C., Robert Rosenblatt, Edward Hall, and Serenay Taysin (the "Attorney Defendants"), and 266 Realty NY LLC, Heung Sang Tam, and Justice McAllister (the "Landlord Defendants"). (Compl., Docket Entry No. 1.) Plaintiff alleges that the Attorney Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), New York General Business Law § 349 ("GBL § 349"), and New York Judiciary Law § 487 ("Judiciary Law § 487"), and also asserts claims for negligence per se and gross negligence. (*Id.* ¶¶ 91, 96, 102, 115, 119.) Plaintiff also asserts claims against the Landlord Defendants for overcharging rent pursuant to the Rent Stabilization Law of 1969, Admin. Code § 26-501 ("RSL § 26-516") and GBL § 349, and for negligence per se and gross negligence. (*Id.* ¶¶ 96, 109, 115, 119.) On January 3, 3019, the Attorney Defendants conceded liability as to a violation of the FDCPA, 15 U.S.C. § 1692e, (Letter dated Jan. 3, 2019, Docket Entry No. 40), and on May 21, 2019, Plaintiff voluntarily dismissed the rent overcharge and

gross negligence claims as to the Landlord Defendants pursuant to Rule 41(a)(1)A)(i) of the Federal Rules of Civil Procedure, (Voluntary Stipulation of Dismissal, Docket Entry No. 66).

The Landlord Defendants move to dismiss the remaining GBL § 349 and negligence per se claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, or, in the alternative, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure[1] and 28 U.S.C. § 1367 for lack of supplemental jurisdiction.[2] (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 81; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 83.) Plaintiff opposes the motion. (Pl. Opp'n to Defs. Mot. ("Pl. Opp'n"), Docket Entry No. 87.)

For the reasons discussed below, the Court grants the Landlord Defendants' motion and declines to exercise supplemental jurisdiction over both of Plaintiff's claims against the Landlord Defendants — GBL § 349 and negligence per se claims. The Court also *sua sponte* declines to exercise supplemental jurisdiction over Plaintiff's GBL § 349 claim against the Attorney Defendants.

---

[1] The Landlord Defendants incorrectly assert that they move to dismiss pursuant to Rule 12(b)(1). The Court has subject matter jurisdiction over Defendants as there is a federal question arising under the FDCPA that confers subject matter jurisdiction. However, as discussed below, the Court exercises its discretion to decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("[I]t is indisputable that the [d]istrict [c]ourt possessed supplemental jurisdiction. The [d]istrict [c]ourt only faced the discretionary inquiry of whether to discontinue that jurisdiction.").

[2] The Attorney Defendants did not join in the motion but request that the Court *sua sponte* decline to exercise supplemental jurisdiction over the GBL § 349 claim against them if the Court grants the Landlord Defendants' motion. (Letter dated Feb. 21, 2018 ("Letter in Supp. of Defs. Mot.") 3 n.5., Docket Entry No. 52.)

## I. Background

266 Realty NY LLC and Heung Sam Tam are the landlords of the apartment building located at 266 Prospect Park West, Brooklyn New York 11215 (the "Building").[3] (Compl. ¶¶ 11, 13.) McAllister is the managing agent for the landlords, and is registered as such with the Department of Housing Preservation and Development. (*Id.* ¶ 15.) Plaintiff resides in an apartment in the Building. (*Id.* ¶ 3.)

In March of 2017, Plaintiff started to withhold her monthly rent payment of $1,075 allegedly due to the Landlord Defendants' failure to make housing repairs. (*Id.* ¶ 28.) On September 13, 2017, the Attorney Defendants brought a nonpayment proceeding on behalf of the Landlord Defendants in Kings County Housing Court seeking $31,175 in damages for rent owed from May of 2015 to September of 2017. (*Id.* ¶ 30.)

Plaintiff was "confused and startled" to see that the Landlord Defendants sought to collect $31,175 as she had only withheld seven months of rent payments totaling $7,525. (*Id.* ¶ 32.) On or around September 23, 2017, Plaintiff paid the Landlord Defendants $7,525, the full balance owed for rent, making her current on her rent payments. (*Id.*) Despite her payment, Defendants proceeded with the litigation until the case was eventually dismissed. (*Id.* ¶¶ 34, 48.) Plaintiff asserts that Defendants have engaged in a pattern of "lying to the court and to tenants about rent being owed in order to wear them down and intimidate them into moving out of their rent stabilized apartments." (*Id.* ¶ 58.) For example, Plaintiff cites similar litigation by Defendants against various low-income tenants who have resided in the Landlord Defendants' properties. (*Id.* ¶¶ 59, 61, 65, 68, 71, 73, 75.)

---

[3] The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

Plaintiff alleges that Defendants' conduct caused her "worries, distress, and sleeping problems [that] persisted long after she tendered . . . the rent payments she had been withholding." (*Id.* ¶ 83.)  Plaintiff seeks actual and punitive damages, statutory damages under the FDCPA and GBL § 349, and attorneys' fees under the FDCPA, GBL § 349, and Judiciary Law § 487.

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6), a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### b. The Court declines to exercise supplemental jurisdiction over all claims against the Landlord Defendants

The Landlord Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against them because of their complexity, particularly given the Attorney Defendants' concession of FDCPA liability, which limits the

federal law issue to actual and statutory damages suffered by Plaintiff, and causes the GBL § 349 claim to substantially predominate over the FDCPA claim against the Attorney Defendants. (Defs. Mem. 11–12.)

Plaintiff argues that the GBL § 349 claim does not substantially predominate over the FDCPA claims because they are often brought together and usually involve the same deceptive debt collection misconduct. (Pl. Opp'n 14.) Plaintiff also asserts that "[i]f debt collectors can admit to FDCPA liability without admitting to any particular facts or intent and have state law claims dismissed as requiring greater proof, then they would seek such dismissal in practically all FDCPA cases." (*Id.* at 15.)

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." *Wright v. Musanti*, 887 F.3d 577, 583 (2d Cir. 2018) (quoting 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2017)). "Under 28 U.S.C. § 1367(a), district courts 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting 28 U.S.C. § 1367(a)).

"[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." *Williams v. Long Beach Mortg. Co.*, 709 F. App'x 92, 93 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017)); *see also Montefiore Med. Ctr.*, 642 F.3d at 332 ("In order to exercise supplemental jurisdiction, a federal court must first have before it a claim sufficient to confer subject matter jurisdiction." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). In addition, both the claim conferring subject matter jurisdiction and the

supplemental claim "must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* (quoting *Gibbs*, 383 U.S. at 725); *see also Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (stating that supplemental jurisdiction is proper where a state law "claim arises out of approximately the same set of events as [the] federal . . . claim"). "In determining whether two disputes arise from a 'common nucleus of operative fact,' we have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (concluding that the plaintiff's New York Labor Law and Fair Labor Standards Act claims "clearly derive from . . . a common nucleus of operative facts since they arise out of the same compensation policies and practices").

However, a district court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2); *see also Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, No. 17-CV-04525, 2018 WL 2247206, at *7–8 (S.D.N.Y. May 16, 2018) (finding that the plaintiff's GBL § 349 claim substantially predominated the plaintiff's FDCPA claims); *Lautman v. 2800 Coyle St. Owners Corp.*, No. 13-CV-967, 2014 WL 2200909, at *8 (E.D.N.Y. May 23, 2014) (declining to exercise supplemental jurisdiction over the plaintiff's GBL claim even though they involved similar evidence as FDCPA claims because the state law claims would "substantially predominate" over the "narrow" federal claim). "[A] district court

6

must reassess its jurisdiction over the remaining state law claims by considering 'judicial economy, convenience, fairness, and comity.'" *Morton v. Cty. of Erie*, 796 F. App'x 40, 44 (2d Cir. 2019) (quoting *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004)).

A district court may also decline supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of [s]tate law." 28 U.S.C. § 1367(c)(1); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (citing 28 U.S.C. § 1367(c)); *Ash v. Jacobson*, No. 16-CV-9548, 2020 WL 2848178, at *6 (S.D.N.Y. June 1, 2020) (same). "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (citing *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir.1998)); *see also Winter v. Northrup*, 334 F. App'x 344, 345–46 (2d Cir. 2009) (finding that the district court did not abuse its discretion in retaining jurisdiction over state law claims "given that (1) discovery had been completed, (2) the state claims were far from novel, and (3) the state and federal claims were substantially identical"); *Valencia ex rel. Franco*, 316 F.3d at 306 (finding that the district court had abused its discretion by exercising supplemental jurisdiction over state law claims because, at the time of the dismissal of federal claims, no judicial opinions had been issued on the "novel and complex issues of state law").

While the FDCPA and GBL § 349 claims do overlap, the Court declines to exercise supplemental jurisdiction over the GBL § 349 and negligence per se claims because the facts material to the GBL claim are much broader in scope than those that support the FDCPA claims, and the GBL § 349 claim presents a novel and unresolved question of state law.

7

### i. The GBL § 349 claim substantially predominates over the FDCPA claims

The Attorney Defendants conceded liability as to the FDCPA, 15 U.S.C. § 1692e, and as a result, the federal claim is limited to the issue of damages owed. (Letter dated Jan. 3, 2019.) Resolution of the FDCPA claims would not conclude the GBL claim and, as Plaintiff acknowledges, the GBL § 349 discovery, unlike the FDCPA discovery, would involve the "character and scope of [the] Landlord Defendants' debt collection practices more generally." (Pl. Opp'n 16.)

Plaintiff argues that the "scope of discovery needed to establish the [GBL § 349 claim] is far narrower than the Landlord Defendants have portrayed," (*id.* at 15), as "both claims [involve] the use of deception against consumers," (*id.* at 19). According to Plaintiff, "[t]here is no need to determine the appropriate rent that the Landlord [Defendants] should have charged [Plaintiff] because the state court in the collections action already determined that she owed $0, so another determination should be prohibited by collateral estoppel." (*Id.* at 16.)

To the contrary, as the Landlord Defendants argue, "adjudication of Plaintiff's state law claims requires factual determinations of the appropriate rent that should have been assessed, whether and when such rent was paid, whether Plaintiff's rent withholding was proper and Landlord[] [Defendants'] business practices with respect to rent collection." (Defs. Mem. 14.) In addition, given that Plaintiff alleges a pattern of deceptive practices, (Compl. ¶ 58), the discovery for the GBL § 349 claim will not be limited to the alleged acts in this case, but will involve additional discovery as it relates to the Landlord Defendants' interactions with other tenants. As Plaintiff acknowledges, "[a]ny additional discovery . . . might involve . . . requests for documents, such as a rent ledger or payment history," and "depositions." (Pl. Opp'n 14–15, 17.)

As Magistrate Judge Steven M. Gold noted in limiting discovery to Plaintiff's FDCPA claims:

> [T]he remaining factual issue with respect to the sole original jurisdiction claim is a narrow one: the extent of [P]laintiff's actual damages. The factual questions raised by [P]laintiff's other claims, in contrast, are substantial. Plaintiff's complaint contains a detailed recitation of alleged facts set forth in more than 120 paragraphs . . . [many of which will not] be at issue in a damages trial with stipulated liability under the FDCPA.

(Order dated Feb. 27, 2019, Docket Entry No. 53); *see also Dzganiya*, 2018 WL 2247206, at *10 (noting that deciding the FDCPA claim would not decide the GBL claim, and that the state law claim would substantially predominate over the federal law claims).

Plaintiff also alleges that Defendants' conduct "constitutes willful or wanton negligence or recklessness to justify a punitive damages award." (Compl. ¶¶ 98–99.) Unlike the FDCPA claims, the GBL claim could result in punitive damages. *See* 15 U.S.C. § 1692k (limiting damages recoverable by an individual plaintiff under the FDCPA to actual damages, "such additional damages as the court may allow, but not exceeding $1,000," and the costs and fees incurred in a successful enforcement action). A plaintiff may be entitled to an award of punitive damages under New York state law where she establishes "conduct which is aimed at the public generally, involves a fraud evincing a high degree of moral turpitude, and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations." *Manning v. Utilities Mut. Ins. Co.*, 254 F.3d 387, 400 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also Koch v. Greenberg*, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014) (affirming award of punitive damages for a GBL § 349 claim); *Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208, 218 (App. Div. 2010) (same). It is likely that Plaintiff would present evidence to the Court in connection with her GBL claim to establish the "high degree of moral turpitude" and "wanton

dishonesty" that is necessary to sustain an award of punitive damages. *Manning*, 254 F.3d at 400. Because Plaintiff cannot recover punitive damages under the FDCPA, without pendent jurisdiction, such evidence would not be discoverable or presented to the Court. *Dzganiya*, 2018 WL 2247206, at *10 (finding that the plaintiff's GBL claim would substantially predominate over her FDCPA claims partly because punitive damages were only recoverable under the state statute).

### ii. The GBL § 349 claim raises novel and unresolved issues of state law

In addition, the GBL § 349 claim raises novel and unresolved issues of state law that makes the cause of action more appropriately adjudicated in state court. *See Lautman*, 2014 WL 2200909, at *8 (dismissing claim where the "plaintiff's [GBL] section 349 claim raise[d] novel issues in an undeveloped area of law regarding whether New York's consumer protection statute would apply in [a] landlord–tenant rent dispute"). The New York Court of Appeals has yet to decide whether a landlord–tenant relationship can give rise to a GBL § 349 claim. *See Collazo v. Netherland Prop. Assets LLC*, 35 N.Y.3d 987, 990–91 (2020) ("For purposes of this appeal, we assume without deciding that a claim may lie under General Business Law § 349 [based on the landlord–tenant relationship]."). As such, courts have interpreted the statute differently. *See Aguaiza v. Vantage Props., LLC*, 893 N.Y.S.2d 19, 20 (App. Div. 2010) (concluding that the "[p]laintiff's allegations of unlawfully deceptive acts and practices under General Business Law § 349 presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by the statute"); *but see Sanchez v. Ehrlich*, No. 16-CV-8677, 2018 WL 2084147, at *11 (S.D.N.Y. Mar. 29, 2018) (holding that the plaintiffs adequately stated a claim under GBL § 349 when the defendants had an alleged "pattern and

practice of . . . commencing housing court proceedings against [s]ection 8 recipients for rent they [did] not owe").

While "[t]he burden of initiating another case in state court [may] be significant" for Plaintiff, (Pl. Opp'n 24), given the scope of discovery involving the GBL claim and the novel and unresolved state law issues it raises, the Court's exercise of jurisdiction would not promote "economy, convenience, fairness, and comity." *Catzin*, 899 F.3d at 85 (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).

For the reasons set forth above, the Court declines to exercise supplemental jurisdiction over the state law claims against the Landlord Defendants.

### iii. Plaintiff's negligence per se claim against the Landlord Defendants

Given the Court's decision to not exercise supplemental jurisdiction over Plaintiff's GBL § 349 claim against the Landlord Defendants and the fact that Plaintiff did not assert an FDCPA claim against the Landlord Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence per se claim against the Landlord Defendants because there is no statutory basis for a such a claim. *See Dance v. Town of Southampton*, 467 N.Y.S.2d 203, 203 (App. Div. 1983) ("Negligence per se is not liability per se, however, because the protected class member still must establish that the statutory violation was the proximate cause of the occurrence."); *Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, No. 98-CV-2416, 2002 WL 13222, at *7 (E.D.N.Y. Jan. 3, 2002) (dismissing negligence per se claim based on a violation of New York Public Health Law § 2504 because the statute was not violated); *Prohaska v. Sofamor, S.N.C.*, 138 F. Supp. 2d 422, 448 (W.D.N.Y. 2001) (dismissing negligence per se claims as the defendants had not violated any provision of the FDCA).

### c. The Court declines supplemental jurisdiction over the GBL § 349 claim against the Attorney Defendants

The Attorney Defendants request that "should this Court decline to exercise supplemental jurisdiction over the [s]tate [] law claims against [the] Landlord Defendants, that Order should apply equally" to them. (Letter dated Feb. 21, 2018 ("Letter in Supp. of Defs. Mot.") 3 n.5.) The Attorney Defendants argue that "[t]here is simply no reason for Plaintiff to litigate her [s]tate [] law claims against any of the Defendants." (*Id.* at 3.)

"No principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him." *Catzin*, 899 F.3d at 82 (internal quotation marks omitted) (quoting *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (per curiam). "*Sua sponte* dismissals without notice and an opportunity to be heard 'deviate from the traditions of the adversarial system' and 'tend to produce the very effect they seek to avoid — a waste of judicial resources — by leading to appeals and remands.'" *Id.* (quoting *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988)); *see also id*. at 86 (concluding that supplemental jurisdiction was not proper when revoked "one day prior to the final pretrial conference and a week before the scheduled trial date"; the case presented no novel questions of state law; and the district court did not explain the judicial efficiency involved in declining supplemental jurisdiction). The Court must avoid the risk of overlooking "valid answers to its perception of defects in the plaintiff's case." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).

Plaintiff is on notice and has been given an opportunity to be heard. (*See* Pl. Opp'n.) The Attorney Defendants filed a letter supporting the Landlord Defendants' motion to dismiss and requesting *sua sponte* dismissal in February of 2019, (*see* Letter in Supp. of Defs. Mot. 3 n.5), and Plaintiff filed her opposition to the Landlord Defendants' motion to dismiss in August

of 2019, (Pl. Opp'n). While Plaintiff did not oppose the motion to dismiss as to all Defendants, Plaintiff fully briefed a response to the Landlord Defendants' motion that the Court decline supplemental jurisdiction over state law claims. (*Id.*) It is unlikely that Plaintiff has substantially different arguments as to the exercise of supplemental jurisdiction over the Attorney Defendants because Plaintiff brought the same state law claims against all Defendants. (Compl. ¶¶ 96, 112.)

In addition, the Court declines to exercise supplemental jurisdiction far in advance of trial. Because the GBL § 349 claim involves novel and unresolved issues of state law, the GBL § 349 claim substantially predominates over the FDCPA claims, and the Court declines supplemental jurisdiction over the Landlord Defendants' similar state law claims, judicial efficiency is served by declining *sua sponte* to exercise supplemental jurisdiction over the Attorney Defendants' GBL § 349 claim. *See Terrill v. Windham-Ashland-Jewett Cent. Sch. Dist.*, 176 F. Supp. 3d 101, 112 (N.D.N.Y. 2016) (declining to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims and noting "that it may *sua sponte* render this determination"); *Rothenberg v. Daus*, No. 08-CV-0567, 2015 WL 1408655, at *11 n.12 (S.D.N.Y. March 27, 2015) ("[The] plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law."); *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he [c]ourt *sua sponte* declines to exercise supplemental jurisdiction over the remaining [state law] claims against [the defendants].").

For the reasons set forth above, the Court *sua sponte* declines to exercise supplemental jurisdiction over Plaintiff's GBL § 349 claim against the Attorney Defendants.[4]

**III. Conclusion**

For the foregoing reasons, the Court grants the Landlord Defendants' motion and declines to exercise supplemental jurisdiction over Plaintiff's GBL § 349 and negligence per se claims, and *sua sponte* declines to exercise supplemental jurisdiction over Plaintiff's GBL § 349 claim against the Attorney Defendants.

Dated: September 10, 2020
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

[4] The Court exercises supplemental jurisdiction over Plaintiff's negligence per se claim against the Attorney Defendants to the extent that it is based on an FDCPA violation. Because the Attorney Defendants have conceded to liability under the FDCPA, 15 U.S.C. § 1692e, (Letter dated Jan. 3, 2019, Docket Entry No. 40), there is a valid statutory basis for Plaintiff to plead negligence per se against them. *See Ezagui v. Dow Chemical Corp.*, 598 F.2d 727, 733 (2d Cir. 1979) (holding that violations of Food, Drug and Cosmetic Act and the New York Education Law section 6815 can constitute negligence per se).

14