# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　Fax: (877) 496-7900

September 30, 2020

**Via ECF**
Magistrate Judge Steven M. Gold
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Letter on Status of Case Following Judge Brodie's September 10, 2020 [DE 91].
>
> *Luisa Calixto v. Balsamo & Rosenblatt, P.C.* et al, 1:18-cv-4675-MKB

Dear Judge Gold:

Undersigned along with CAMBA Legal Services, a non-profit legal services provider, represents Plaintiff Luisa Calixto in the above-captioned action against a debt collection law firm, Balsamo & Rosenblatt, P.C., and three attorneys at the firm, Robert Rosenblatt, Edward Hall, and Serenay Taysin, and the firm's other legal entity, A. Balsamo & Rosenblatt, P.C. (collectively the "Attorney Defendants"), for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, N.Y. Jud. § 487, and for committing negligence *per se*.

On September 10, 2020, Judge Brodie granted the Motion to Dismiss by the Landlord Defendants, dismissing without prejudice all claims against them, and dismissing *sua sponte* and without prejudice the GBL § 349 claims and negligence per se as to GBL § 349 claims against the Attorney Defendants. The Judiciary Law § 487 claim not addressed by the Landlord Defendants' Motion remains, as does the negligence per se claim related to the FDCPA violations, with Judge Brodie specifying that "[t]he Court exercises supplemental jurisdiction over Plaintiff's negligence per se claim against the Attorney Defendants to the extent that it is based on a FDCPA violation." *See* DE 91, fn. 4.

Plaintiff writes this letter to highlight the issues remaining in the case after Judge Brodie's Order. In short, these issues are the discovery necessary to establish Ms. Calixto's Judiciary Law § 487 claim, the discovery necessary for the punitive damages element of the negligence per se claim, and the unadmitted factual issues that need to be established for trial.

For a Jud. Law § 487 claim, a plaintiff needs to establish "deceit or collusion" with an "intent to deceive." There is a split of authority on whether the claim requires a "chronic, extreme pattern of legal delinquency" or if a single incident is sufficient. *Stinson v. Houslanger & Assocs., PLLC*, No. 18-CV-11350 (JPO), 2020 WL 5569582, at *3 (S.D.N.Y. Sept. 17, 2020) *quoting Kuruwa v. Meyers,* 823 F. Supp. 2d 253, 259–60 (S.D.N.Y. 2011) and *citing NYAT. Operating Co. v. Jackson, Lewis, Schnitzler & Krupman,* 741 N.Y.S.2d 385, 386 (N.Y. Sup. Ct. 2002) (concluding that "[a]bsent guidance from New York Appellate Courts," Section 487 applies to a single incident of lying under oath). In *Stinson*, the Court held that the two other

instances in plaintiff's complaint of alleged misrepresentations were not sufficient to state a claim for violating Jud. Law § 487. *Id.* Based on this, Plaintiff needs to conduct discovery to establish its Jud. Law § 487 claim, including but not limited to the Attorney Defendants' pattern and practice of making misrepresentations to consumers and the courts regarding rental arrears, and intent to deceive Ms. Calixto or the court.

For the negligence *per se* claim, which the Court exercised supplemental jurisdiction over, Plaintiff is seeking punitive damages. *See* DE 62, ¶ 118. Punitive damages are available where the conduct "constitute[s] willful or wanton negligence or recklessness." *Randi AJ v. Long Island Surgi-Ctr.,* 46 A.D.3d 74, 81 (Sup. Ct., Second App. Div. 2007). While "ordinary negligence" does not warrant punitive damages, negligence per se can entitle a plaintiff to punitive damages if the conduct was in flagrant disregard of the plaintiff's right under New York's public policies. *Id., see also Gruber v. Craig,* 208 A.D.2d 900 (N.Y. Sup. 2nd App. 1994) (affirming judgment of punitive damages where landlord was negligently in violation of housing codes and caused a natural gas explosion); *Krimendahl v. Hurley,* 2015 WL 9855305 (2015) (finding punitive damages for negligence per se where award would "advance a strong public policy of the state by deterring its future violation, and the conduct [was] sufficiently blameworthy"); *Montesdeoca v. Avila,* 2015 WL 2441618 (N.Y. Sup. Feb. 23, 2015) (triable issue of punitive damages where driver was negligent per se in violation of Vehicle Traffic Law § 509 (3)); *Fordham-Coleman v. National Fuel Gas Distribution Corp.,* 42 A.D.3d 106, 113-114 (2007) (reinstating claim for punitive damages where negligence per se "implicate[d] public health and safety concerns"); *Favia v. Harley-Davidson Motor Company, Inc., et al.,* 119 A.D.3d 836 (N.Y. Sup. 2nd App. 2014); *Sosa, et al. v. Ideal Elevator Corp.,* 216 A.D.2d 128 (N.Y. Sup. 1st App. 1995).Accordingly, for Plaintiff to establish punitive damages as to negligence *per se*, we would need discovery concerning Defendant's pattern and practice of breaching the duty to comply with the FDCPA and its intent to do so. Whether Plaintiff is entitled to punitive damages cannot be determined until Attorney Defendants, among other things, disclose the factual basis for their admission to violating the FDCPA. "A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action." *Rocanova v. Equitable Life Assur. Socy. Of U.S.*, 83 N.Y.2d 603, 616 (N.Y. 1994).

Even without punitive damages the negligence per *se claim* will require further exploration of the facts to determine whether Attorney Defendants' breach of their duty to comply with the FDCPA was the direct and proximate cause for the emotional distress that Plaintiff alleges is the resulting injury. Attorney Defendants' general and vague concession to a violation of 15 U.S.C. § 1692e does not preclude the need for discovery.

In sum, there are two state law claims remaining against the Attorney Defendants, in addition to the FDCPA claims for which Attorney Defendants have in vague amorphous manner conceded liability. Factual issues need to be resolved as to both of the state law claims, particularly as to Attorney Defendants' pattern and practice of misrepresenting the amount of rental arrears owed by tenants in the lawsuits they file and continue to vigorously litigate, and their intent in doing so. Even besides these surviving state law claims, it remains unclear how a trial on emotional distress damages can be had when Attorney Defendants have not admitted any of the factual and legal allegations in the Complaint. *See* Attorney Defendants' Answer, DE 75 (adopting all of the denials in the Original Answer, DE 27). Per Your Honor's Orders as to discovery as of this date, the necessary discovery to resolve the state law claims and disputes of fact would not be permitted. Your Honor's decision was based in part in the deferral of all state

law claims to the state courts. The Jud. Law § 487 claim has not been dismissed and the district court has exercised supplemental jurisdiction over the negligence *per se* claim.

In light of these remaining issues, Plaintiff requests the existing limitation on discovery as to her actual damages under the FDCPA be lifted, and that Plaintiff be allowed to proceed with discovery as to the elements of her current claims, including Judiciary Law § 487 and *negligence per se*.

If the Attorney Defendants wish to file a motion to dismiss the remaining state law claims, Plaintiff would agree to a stay in the case until the motion was decided. Afterwards, the Court could issue a new scheduling order. But if not, Plaintiff is entitled to proceed with the claims as plead.

Respectfully,

/s/

Ahmad Keshavarz

Enclosures (as referenced)

cc: all counsel, via ECF